**WUNSCHEL & SMALL, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 419–80C.**

United States Claims Court.

Jan. 17, 1983.

Larry D. Dingus, San Francisco, Cal., with whom was Frederick T. Williams, San Francisco, Cal., for plaintiff.

John C. Morland, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

**ORDER**

KOZINSKI, Chief Judge.

Plaintiff Wunschel & Small, Inc. sought $764,900.93 for extra costs and expenses

incurred in performance of a contract with the United States. Plaintiff also sought to recover $75,000 in liquidated damages retained by the United States because of plaintiff's 115-day delay in completing the contract. On October 12, 1982, the court entered a judgment denying plaintiff's claim in its entirety and upholding defendant's counterclaim in the amount of $83,000. The $75,000 which had been retained by defendant was set off against the $83,000, resulting in a judgment for defendant in the amount of $8,000.

On December 10, 1982, plaintiff appealed and concurrently filed a motion asking the court to stay the judgment without requiring plaintiff to post a supersedeas bond pursuant to RUSCC 62(d). In support of the motion plaintiff assures the court that it is convinced of the merit of its appeal and suggests that the $8,000 judgment against it is small relative to the amount of its own claim. On December 27, 1982, defendant filed an opposition arguing that RUSCC 62(d) allows a stay of judgment on appeal only upon posting of a supersedeas bond, and that the court's discretion is limited to determining the amount of the bond or the nature of any substitute security.

## DISCUSSION

■ RUSCC 62(d) provides that an appellant who posts a supersedeas bond is entitled, as a matter of right, to a stay of the judgment pending appeal, subject only to the court's approval of the bond. The rule does not, however, preclude the court from issuing a stay without a bond, upon the posting of a partial bond, upon the posting of alternative security, or upon such conditions as the court deems appropriate. *See Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755 (D.C.Cir.1980) (interpreting Fed.R.Civ. Pro. 62(d)) & cases cited therein. However,

the court's discretion to issue a stay without a supersedeas bond is limited; it must be exercised sparingly and with due regard for the interest of the appellee in securing prompt and certain satisfaction of its judgment:

The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

*Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n,* 636 F.2d at 760–61 (footnotes omitted).

■ The requirement of a full supersedeas bond may thus be waived or modified only upon a showing by the appellant that the posting of security is *not practicable and* that the waiver or modification will not impair the appellee's ability to collect its judgment. Plaintiff here has met neither burden.[1] Instead, it has addressed wholly irrelevant matters. The court therefore has no basis upon which to exercise its discretion as requested by plaintiff.

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) Plaintiff's motion to stay judgment pending appeal without the necessity of posting a supersedeas bond is denied.

---

1. In light of the relatively small amount of the judgment, it would appear virtually impossible to make a showing that posting of a bond would be impracticable.

(2) The clerk is authorized to issue a stay pending appeal upon the posting of a supersedeas bond or alternative security in the amount of $8,000.[2]

(3) The clerk is authorized to determine, without further order of the court, whether any bond or other security posted by plaintiff is satisfactory to secure the judgment.

---

[2] The amount of a supersedeas bond must generally cover the judgment plus any injuries which may be the natural and proximate result of the stay, including the amount of any costs and post-judgment interest. *Moore v. Townsend,* 577 F.2d 424 (7th Cir.1978). In this case, the judgment did not tax costs nor provide for interest and defendant has pointed to no other damages it would suffer if the judgment were stayed.