MIAMI INTERNATIONAL REALTY
CO., Plaintiff-Appellant,

v.

Richard PAYNTER and Paynter & Hensick, P.C., Defendants-Appellees.

No. 86–1825.

United States Court of Appeals,
Tenth Circuit.

Dec. 19, 1986.

B. Lawrence Theis of Walters & Theis, Denver, Colo., for plaintiff-appellant.

Paul D. Cooper, Kim B. Childs and Charles R. Ledbetter of Cooper & Kelley, Denver, Colo., for defendants-appellees.

Before BARRETT, SEYMOUR and ANDERSON, Circuit Judges.

BARRETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(c). The cause is therefore ordered submitted without oral argument.

Miami International Realty Company (Miami), appeals from an order of the district court staying execution of a judgment pending appeal. In this appeal, we are asked to review under what circumstances, if any, may a stay be granted pursuant to Fed.R.Civ.Proc. Rule 69, 28 U.S.C. without a supersedeas bond for the full amount of the judgment. The relevant facts are not in dispute.

Miami filed this action against Richard T. Paynter (Paynter) and the law firm of Paynter & Hensick, P.C., alleging malpractice. After trial to a jury, Miami was found to have been damaged in amount of $3,000,000, reduced to $2,100,000 upon the jury's finding that Miami was 30% negligent. Judgment was entered in favor of Miami for $2,100,000 on December 20, 1985. Paynter subsequently moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. On Febru-

ary 6, 1986, the district court, in a detailed order, denied Paynter's motion.

Commencing on February 13, 1986, Miami served various writs of garnishment upon parties holding funds of Paynter, including American Home Assurance Company (American), Paynter's malpractice insurance carrier. American's malpractice coverage on Paynter had a $500,000 policy limit.

On February 21, 1986, Paynter moved for a stay of execution and waiver of supersedeas bond or, in the alternative, approval of a supersedeas bond for less than the $2,100,000 judgment entered in favor of Miami. Thereafter, Miami filed a memorandum in opposition to Paynter's motion for stay and on March 4, 1986, the court entered an order staying execution of the judgment pending a motion hearing to be held on March 10, 1986. During the hearing, the district court observed:

My view of this matter is that, assuming the veracity of Mr. Paynter's affidavit, which is somewhat conclusionary, the defendant has no ability to post the full amount of the bond and I think under the circumstances we should proceed much as the plaintiff suggested under the stay of execution pending post-verdict motions, which is to say that the insurance company should put the full amount of the insurance policy into some escrow account which is interest bearing.

The plaintiffs should have the right to proceed with Rule 69 discovery to determine whether there are assets which are possibly affected by the stay, and there should be an injunction on Mr. Paynter. Apparently Paynter and Hensick is no longer viable according to Mr. Paynter's affidavit. Mr. Paynter should be enjoined from any transfer of assets.

(R., Vol. III at pp. 2–3).

The district court granted a stay of execution the same day. In conjunction there-with, $500,000, representing the full amount of Paynter's malpractice insurance coverage, was escrowed in an interest bearing account by Paynter's malpractice insurance carrier. Miami was also allowed to proceed with Rule 69 discovery,[1] and a discovery hearing was scheduled for March 19, 1986.

During the discovery hearing,[2] Paynter acknowledged that: on December 23, 1985, three days after the jury had awarded the $2,100,000 verdict in Miami's favor, he had closed his bank account by withdrawing $111,865.88; after paying his personal bills, he lost between $60,000 and $70,000 gambling in Las Vegas; he closed his law office on February 12, 1986 at which time many records were destroyed; and that he had no significant accounts receivable. Although our transcript of the March 19, 1986, hearing is incomplete, Paynter's responses during the hearing indicate that he did not have any significant assets.

On March 28, 1986, a hearing was held on Miami's motion for reconsideration of Paynter's requested stay. After a brief hearing, an order was entered by the court on April 30, 1986. The order provided in part:

The stay of execution herein ordered shall be and is expressly conditioned upon Defendants' compliance with the following events and conditions:

a. Defendants, through American Home Assurance Company, shall within five (5) days of the date of this Order, post and file with the Clerk of this Court the sum of $500,000....

b. Richard T. Paynter, Jr. shall submit to all reasonable post-judgment discovery pursuant to Rule 69 of the Federal Rules of Civil Procedure.

c. Pending the time required for an appeal of the judgment in this matter,

---

1. Fed.R.Civ.Proc. Rule 69(a), 28 U.S.C. provides in part:

In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules....

2. The hearing was electronically recorded and the transcript developed for the hearing from the recordings contains several substantial voids.

Defendant Richard T. Paynter, Jr. shall not sell, transfer, convey, encumber, pledge or in any other manner, other than is reasonably necessary for purposes of providing for his cost of living and practicing or engaging in a profession or occupation, dissipate any asset or assets ... or any other things or right of any value whatsoever.

(R., Vol. I, Def's Exh. B, pp. 1–2).

On appeal, Miami contends that Rule 62(d) requires a supersedeas bond for the full amount of a judgment as a condition for a stay of execution absent extraordinary circumstances and that the district court abused its discretion in granting the stay of execution.

Rule 62(d) provides:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay.... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Miami argues that Rule 62(d) ordinarily requires a supersedeas bond for the full amount of the judgment as a condition for stay of execution. It also acknowledges, however, that "some courts have held that Rule 62(d) does not prohibit a court, in extraordinary circumstances, from permitting an alternate form of security for a stay pending appeal." (Opening Brief of Plaintiff-Appellant at p. 4.) Miami also argues that the purpose of Rule 62(d) is to protect the successful litigant; the posting of a bond in the full amount assures a prevailing party that passage of time will not render the judgment uncollectable; and that exceptions to the rule are limited to cases in which a bond is impracticable, where adequate equivalent security is provided, and where there is a showing that the prevailing party's judgment will not be jeopardized.

Miami contends that the court abused its discretion in granting Paynter's stay of execution with a supersedeas bond of less than the full amount of its judgment when, as here, there was no objective showing that posting a bond for the full amount of the judgment was impracticable, no adequate equivalent security was provided, and the evidence clearly established that its judgment was in jeopardy.

Miami is correct in arguing that the purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and that a full supersedeas bond should be the requirement in normal circumstances. *See, Poplar Grove Planting and Refinery Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979); *Federal Prescription Service, Inc. v. American Pharmaceutical Association,* 636 F.2d 755, 760 (D.C.Cir. 1980). District courts, however, have inherent discretionary authority in setting supersedeas bonds. In *Texaco, Inc., v. Pennzoil Company,* 784 F.2d 1133, 1154, 1155 (2d Cir.1986), the court stated:

A judgment creditor's primary concern when a judgment in his favor is stayed pending appeal is that he be "secure ... from loss resulting from the stay of execution...." In making that determination we look to general equitable principles. Accordingly, when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors.... A full supersedeas bond may be required "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable", whereas no bond or a reduced bond would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered....

*See: Wunschel & Small, Inc., v. United States,* 554 F.Supp. 444–45 (U.S.Cl.Ct.1983) (Rule 62(d) does not preclude the court from issuing a stay without a bond or upon the posting of a partial bond); *United States v. Kurtz,* 528 F.Supp. 1113, 1115 (D.Pa.1981) (it is appellant's burden to demonstrate objectively that posting a full

bond is impossible or impractical and "to propose a plan that will provide adequate (or as adequate as possible) security for the appellee"); *C. Albert Sauter Co. v. Richard S. Sauter Co.,* 368 F.Supp. 501, 520–21 (E.D.Pa.1973) (stay of execution granted on basis of security agreement involving far less than a full supersedeas bond, following defendants' showing of lack of sufficient assets to satisfy the judgment or to obtain a bond in amount thereof and that execution of the judgment would place each of the defendants in insolvency).

 We hold that the district court's stay was valid under Rule 62(d). The court did not err in granting a stay without a supersedeas bond for the full amount of Miami's judgment inasmuch as: Paynter's motion for a stay was supported by an affidavit in which Paynter stated that he did not have sufficient assets to post a supersedeas bond for $1,600,000 above his malpractice coverage insurance of $500,000 (and thereby fully cover Miami's $2,100,000 judgment) and that execution of the judgment would cause him irreparable harm and place him in insolvency; on March 10, 1986, the district court, following a hearing on Paynter's motion for a stay, concluded that Paynter "has no ability to post the full amount of the bond and I think ... we should proceed as the plaintiff [Miami] suggested ... which is to say that the insurance company should put the full amount of the insurance policy into some escrow account"; after the March 10, 1986, motion hearing Paynter was enjoined from transferring any assets and Miami proceeded with Rule 69 discovery to explore Paynter's financial position and "to determine whether there are assets which are possibly affected by the stay"; a Rule 69 deposition of Paynter conducted on March 19, 1986, failed to disclose additional assets which could have been utilized for posting a supersedeas bond for the full amount of Miami's judgment; and the court's order of March 28, 1986, directed that Paynter's malpractice insurance coverage be escrowed pending the stay and prohibited Paynter from disposing of any assets save those necessary for living and engaging in his business.

Although Miami argues that the court erred and abused its discretion by not requiring Paynter to post a full supersedeas bond, Miami has not contradicted Paynter's evidence that he was financially unable to post a full bond and that execution on the judgment would place him in insolvency. Under such circumstances, we decline to hold that the court erred in granting the stay without a full supersedeas bond. *Texaco, Inc. v. Pennzoil Company, supra,* ("when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors".)

AFFIRMED.