682 F.Supp. 446 (1988)
UNITED STATES of America, Plaintiff,
v.
MANSION HOUSE CENTER REDEVELOPMENT CO., et al., Defendants.
Nos. 76-20C(1), 79-616C(1) to 79-618C(1).
United States District Court, E.D. Missouri, E.D.
March 24, 1988.
*447 Gerald A. Rimmel, Clayton, Mo., Donald F. Flint, Chief Counsel, Dept. of HUD, St. Louis, Mo., J. Christopher Kohn, Atty., Civil Div., U.S. Dept. of Justice, Washington, D.C., A. Bruce Shimberg, Chicago, Ill., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.
Richard S. Bender, David V. Capes, Gene M. Zafft, Merle L. Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, John Michael Clear, Michael E. Kohn, Bryan, Cave, McPheeters & McRoberts, Lawrence Sanders, Linclay Corp., St. Louis, Mo., Robert B. Chatz, Arvey, Hodes, Costello & Burman, Chicago, Ill., Lloyd A. Palans, Gallop, Johnson & Neuman, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
Cause Nos. 76-20C(1), 79-616C(1), 79-617C(1), and 79-618C(1) comprise the Mansion House litigation. Cause No. 76-20C(1) is the Receivership action, and Cause Nos. 79-616C(1), 79-617C(1), and 79-618C(1) are the Mortgage Foreclosure actions. By an Order dated December 24, 1987, and by a Supplemental Order dated January 22, 1988, the Court, pursuant to Fed.R.Civ.P. 60(a), modified the previously affirmed final judgment in these four actions. In substance, the modified final judgment: (1) forecloses defendants' interests in certain real and personal property, (2) directs that said real and personal property be sold at foreclosure sales, (3) establishes the procedures to be followed at those foreclosure sales, and (4) directs the Receiver in Cause No. 87-20C(1), after those foreclosure sales, to terminate the Receivership, to provide an accounting, and to distribute any remaining Receivership funds. Defendants *448 seek to stay the modified final judgment pursuant to Fed.R.Civ.P. 62 during the pendency of defendants' appeal of the Court's decision to modify the previously affirmed final judgment. In addition, defendants seek waiver of any supersedeas bond.
Federal Rule of Civil Procedure 62(a) provides that judgments in injunction and receivership actions shall not be stayed except upon order of the court. Rule 62(a) further provides that Rule 62(c) governs staying injunction judgments during the pendency of an appeal.[1] Under Rules 62(a) and (c), an appellant may obtain a stay of an injunction judgment only if the appellant establishes:
(1) a strong showing that he is likely to succeed on the merits of the appeal; (2) a showing that, unless a stay is granted, he will suffer irreparable injury; (3) a showing that no substantial harm will come to other interested parties; and (4) a showing that a stay will do no harm to the public interest.
Reserve Mining Co. v. United States, 498 F.2d XXXX-XXXX (8th Cir.), applications den., 418 U.S. 911, 94 S.Ct. 3203, 41 L.Ed. 2d 1156, 419 U.S. 802, 95 S.Ct. 287, 42 L.Ed.2d 33 (1974), 420 U.S. 1000, 95 S.Ct. 1441, 43 L.Ed.2d 758 (1975); James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir.1982).[2] However, in the instant case, the Court's modified judgment is not an injunction judgment. Rather, the Court's modified judgment is three mortgage foreclosure judgments plus a judgment in a receivership action. The Court has not found any cases applying Rule 62(c) and the Reserve Mining factors to mortgage foreclosure judgments. Further, by their terms Rule 62(c) and Reserve Mining apply only to injunction judgments. Rule 62(d),[3] the general provision of Rule 62, provides that, subject to the exceptions in Rule 62(a), an appellant may obtain a stay of a judgment by posting a supersedeas bond. Rule 62(a) does not contain any exception for mortgage foreclosure judgments. Thus, the Court concludes that Rule 62(d) applies, and that Rule 62(c) and Reserve Mining do not apply, to the mortgage foreclosure judgments herein.[4] Rule 62(a) applies to the Receivership judgment.
*449 Under Rule 62(a), judgments in receivership actions cannot be stayed except upon order of the court. In the instant case, the judgment in the Receivership action is that the Receiver shall terminate the Receivership after the mortgage foreclosure sales conducted pursuant to the mortgage foreclosure judgments. The Receivership judgment clearly has only prospective impact because execution on this judgment depends upon the prior execution of the mortgage foreclosure judgments. Thus, staying or not staying this judgment has no independent meaning or impact if the mortgage foreclosure judgments are stayed during the pendency of the appeal. Because the Court concludes below that the mortgage foreclosure judgments should be stayed, the Receivership judgment remains purely prospective in effect. For consistency, the Receivership judgment is stayed pursuant to Fed.R.Civ.P. 62(a) during the pendency of the appeal.
With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond.[5]American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S.Ct. 1, 17 L.Ed. 2d 37 (1966) (Harlan, J., as Circuit Justice) (granting stay of state court money judgment pending timely filing of petition for certiorari); Federal Prescription Svc. v. American Pharmaceutical Ass'n, 636 F.2d 755 (D.C.Cir.1980); Badger-Powhatan v. United States, 638 F.Supp. 344, 347 (C.I.T.), appeal dismissed, 808 F.2d 823 (Fed.Cir.1986); Wunschel & Small, Inc. v. United States, 554 F.Supp. 444, 445, 1 Cl.Ct. 101 (1983). The amount of the bond generally includes the principal amount of the judgment, anticipated interest on the judgment, and costs. See American Manufacturers Mutual Insurance Co., 87 S.Ct. at 3. A full supersedeas bond is the norm. Miami International Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir.1986). However, the Court may grant the stay without a supersedeas bond or with a partial *450 bond. Miami International Realty Co., 807 F.2d at 873; Federal Prescription Svc., 636 F.2d at 759. The Court concludes that Rule 62(d) applies to mortgage foreclosure judgments in the same way that it applies to money judgments: the appellant may obtain a stay of a mortgage foreclosure judgment as a matter of right by posting an adequate supersedeas bond (and a full supersedeas bond is the norm), but the Court may waive the requirement of the supersedeas bond.
Before undertaking to determine whether the Court should waive the supersedeas bond requirement in the instant case, the Court will determine what the appropriate amount of the supersedeas bond would be if the Court were to require one. First, because there is no money judgment, no bond amount is required with respect to the judgment itself. Second, because plaintiff is not entitled to recover any interest from defendants, no bond amount is required with respect to future interest. Third, because plaintiff does not seek to require defendant to post a bond to cover the anticipated costs of the appeal, no bond amount is required with respect to costs. Fourth, because plaintiff is already in possession of the Mansion House properties through the Receiver, no bond amount is required with respect to future rents or profits or with respect to possible physical harm, such as deterioration or waste or such, to the Mansion House properties. The only bases suggested by plaintiff for requiring defendants to post a supersedeas bond are: (1) to insure plaintiff against the risk that the Mansion House properties may decline in value during the pendency of the appeal, and (2) the fact that a sale of the objects of art held in May or November will likely generate a higher total bid price than a sale held in other months.
According to plaintiff, the Mansion House properties are declining in value and thus a mortgage foreclosure sale held now probably would generate a higher total bid price than one held after the appeal. Accepting this as true, defendants are not required to post a supersedeas bond to insure against this risk because plaintiff would not be entitled to recover this potential damage from defendants or from the bond. Omaha Hotel Co. v. Kountze, 107 U.S. 378, 392-393, 2 S.Ct. 911, 923-924, 27 L.Ed. 609 (1883); Ripka v. Philco Corp., 65 F.Supp. 21, 39 (S.D.N.Y.1945), aff'd, 154 F.2d 501 (2nd Cir.1946); 9 A.L.R.3d 330. The Court has not found any case law to the contrary. Thus, no bond amount is required with respect to the possible decline in value of the Mansion House properties. With respect to the objects of art, after the appeal the sale may be held in a May or a November. Thus, no bond amount is required with respect to the objects of art.
In sum, the appropriate amount of the supersedeas bond in this case would at most be a bond amount sufficient to cover the anticipated costs of the appeal. Yet, because plaintiff does not seek to require defendant to post a bond to cover appeal costs, even that amount will not be required. Therefore, there is no reason for defendants to post a bond and the bond requirement is waived as unnecessary.

Conclusion
Defendants are entitled to a stay of the mortgage foreclosure judgments during the pendency of the appeal as a matter of right pursuant to Fed.R.Civ.P. 62(d) if they post a bond in an adequate amount. No amount for the bond is required and therefore the bond requirement is waived as unnecessary. Accordingly, the mortgage foreclosure judgments are stayed during the pendency of the appeal pursuant to Fed.R.Civ.P. 62(d) without bond. With respect to the Receivership judgment, this judgment is purely prospective in effect in light of the stay of the mortgage foreclosure judgments, and therefore will be stayed during the pendency of the appeal pursuant to Fed.R.Civ.P. 62(a) without bond.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motions for stay of judgment pending *451 appeal and for waiver of supersedeas bond be and are granted.
IT IS FURTHER ORDERED that this Court's judgment entered pursuant to Fed. R.Civ.P. 60(a) on December 24, 1987, and January 22, 1988, be and hereby is stayed during the pendency of defendants' appeal without any supersedeas bond being required.
IT IS FURTHER ORDERED that defendants' request for oral argument be and is denied.
NOTES
[1] Fed.R.Civ.P. 62(a) and 62(c) provide in pertinent part:

(a) * * * Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action ... shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.
(c) When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. * * *
[2] See Walker v. Lockhart, 678 F.2d 68, 70 (8th Cir.1982) (the Reserve Mining inquiry is the same as the preliminary injunction inquiry under Dataphase Systems Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir.1981)). The Reserve Mining or Dataphase factors are to be applied flexibly such that, where the equities are otherwise strongly in favor of the appellant, a stay may be appropriate if the appellant raises substantial questions on the appeal even if the appellant does not establish a strong likelihood of success on the merits of the appeal. Walker, 678 F.2d at 70-71. Accord McSurely v. McClellan, 697 F.2d 309, 317 (D.C.Cir.1982), cert. denied, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). See also Thomas v. City of Evanston, 636 F.Supp. 587, 590-591 (N.D.Ill.1986) (substantial question on appeal may be sufficient for stay; noting difficulty for district court objectively to evaluate whether the appellant has shown a strong likelihood that the district court's decision to grant injunction will be overturned on appeal).
[3] Fed.R.Civ.P. 62(d) provides in pertinent part:

(d) When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivison (a) of this rule. * * *
[4] If the Court were to consider in terms of the Reserve Mining factors whether to grant a stay during the pendency of the appeal, the Court would conclude that a stay would be appropriate. First, although the Court does not believe that defendants will succeed on the merits of the appeal, the Court recognizes that defendants have raised substantial jurisdictional questions regarding the Court's use of Fed.R.Civ.P. 60(a). Second, if the collateral is sold during the pendency of the appeal, the Court's judgment is subsequently reversed, and the sales cannot be avoided, then defendants will suffer irreparable injury. On the other hand, if the sales can be avoided after the appeal, then defendants will suffer no harm. However, if the sales can be avoided, then the sales prices generated at the foreclosure sales will likely be depressed by that possibility. Because the sales proceeds inure to the benefit of the United States, depressed sales prices would be against the public interest. Third, plaintiff, through the Receiver, already is in possession of the Mansion House properties and thus can adequately protect itself against possible physical harm to the collateral during the pendency of the appeal. Plaintiff's theory that it will be injured because the Mansion House properties may decline in value is highly speculative. In any case, the alleged decline in value would likely be the result of market forces such as interest rates, and not the result of any real decline in value attributable to deterioration or waste or such. Further, defendants are not responsible for a decline in value caused by market forces such as interest rates and should not be denied a stay due to this highly speculative possibility. See Omaha Hotel Co. v. Kountze, 107 U.S. 378, 392-393, 2 S.Ct. 911, 923-924, 27 L.Ed. 609 (1883); Ripka v. Philco Corp., 65 F.Supp. 21, 39 (S.D.N.Y.1945), aff'd, 154 F.2d 501 (2nd Cir.1946). Fourth, the public interest is best served by staying the judgment during the appeal. Defendants' appeal herein will likely cause uncertainty as to whether foreclosure sales held during the appeal could be avoided if the judgment is reversed. This will likely cause the foreclosure sales prices to be depressed. Because the sales proceeds inure to the benefit of the United States, depressed sales prices would be against the public interest.

For the foregoing reasons, the Court believes that a stay would be appropriate in terms of the Reserve Mining factors.
[5] A supersedeas bond essentially serves as a guarantee by the appellant that he will satisfy the judgment plus interest and costs if it is affirmed on appeal. The bond thus serves three main purposes: first, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal. See Grubb v. Federal Deposit Insurance Corp., 833 F.2d 222, 226 (10th Cir.1987); Tennessee Valley Authority v. Atlas Machine & Iron, 803 F.2d 794, 799 (4th Cir. 1986); Moore v. Townsend, 577 F.2d 424, 426 (7th Cir.1978); Badger-Powhatan, 638 F.Supp. at 348.