**In re GRAND JURY SUBPOENA DUCES TECUM, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 88–5007.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.

Decided March 3, 1989.

Rehearing Denied April 5, 1989.

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

Roger J. Magnuson, Minneapolis, Minn., for appellant.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before HEANEY,[*] FAGG and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Dakota Cheese Company, Inc. (Dakota Cheese) appeals from the district court's [1] judgment citing it for civil contempt for failure to comply with a grand jury subpoena duces tecum. We affirm.

Dakota Cheese is a South Dakota corporation engaged in the production of cheese. In 1986, the United States Department of Agriculture (USDA) began investigating the company for possible violations of USDA regulations. On March 31, 1987, a grand jury issued a subpoena requiring Dakota Cheese to produce certain documents, including all original invoices for the year 1985.

Dakota Cheese moved to quash the subpoena. At an April 1, 1987, enforcement hearing, the district court denied the motion and ordered Dakota Cheese to produce the subpoenaed documents. Dakota Cheese produced twenty-one boxes of documents in response to the order. After reviewing the documents, the government discovered that Dakota Cheese had failed to produce original invoices for products purchased by Dakota Cheese from New Zealand Milk Products, Inc. (New Zealand) in 1985. Instead, Dakota Cheese produced photocopies of those invoices.

---

* The Honorable Gerald W. Heaney was an active judge of the Eighth Circuit on the date this case was submitted, but took senior status on January 1, 1989, before this case was filed.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

Upon the government's motion, the district court issued an order to show cause why the original invoices from 1985 were not produced and why Dakota Cheese should not be held in contempt for refusing to produce them. At the contempt hearing on December 1, 1987, Dakota Cheese raised for the first time the defense of inability to comply. Dakota Cheese asserted that it did not have the original 1985 invoices at the time of the subpoena and that it did not currently have them. During the hearing, Dakota Cheese presented the affidavit testimony of Mary Kay Osterloo, its office manager, to the effect that she had thoroughly searched all the company files and was unable to find the 1985 invoices. Dakota Cheese also invited the government to inspect the company files.

The government presented uncontroverted evidence that Dakota Cheese possessed the relevant subpoenaed documents in 1985 when the original invoices were sent by New Zealand to Dakota Cheese. Moreover, the government established that Osterloo had not actually conducted the original search for the documents. Instead, James Dee, the President of Dakota Cheese, conducted the search and determined which documents should be produced. Osterloo merely accompanied the packaged documents to the grand jury and conducted a search for the missing invoices after the other documents were produced. Based on this evidence, the district court rejected Dakota Cheese's inability to comply defense, found the company in contempt for failing to produce the invoices, and imposed a $500 per day fine. This appeal followed.

■ Dakota Cheese contends that the government had the burden of proving at the contempt hearing that the company had access to the invoices when it received the subpoena. We disagree. Dakota Cheese failed to argue the defense of nonpossession at the enforcement hearing and failed to appeal the decision. The proceeding to enforce a grand jury subpoena is "an adversary proceeding in which the defendant may contest the summons 'on any appropriate ground.'" *United States v. Rylander,*

460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed. 2d 521 (1983) (quoting *Reisman v. Caplin,* 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964) (citation omitted)). The defense of nonpossession of the invoices is an "appropriate ground" and should have been raised initially at the enforcement hearing. Because it was not, it could not be raised for the first time in the contempt proceeding. *Id.* Because Dakota Cheese is now barred from arguing that it did not have the invoices when it received the subpoena, the government did not have the burden of proving possession at the contempt hearing.

■ It was open to Dakota Cheese to assert as a defense at the contempt hearing a *present* inability to comply with the order. *Id.; see also Maggio v. Zeitz,* 333 U.S. 56, 75–76, 68 S.Ct. 401, 411–12, 92 L.Ed. 476 (1948); *United States v. Rue,* 819 F.2d 1488, 1494–95 (8th Cir.1987). In raising this defense, Dakota Cheese had the burden of producing evidence that it did not currently have the original invoices. *Rylander,* 460 U.S. at 757, 103 S.Ct. at 1552; *Rue,* 819 F.2d at 1495. Moreover, Dakota Cheese had the burden of overcoming a presumption of continuing possession that arose from the enforcement order. *Rylander,* 460 U.S. at 760, 103 S.Ct. at 1554.

■ We agree with the district court that Dakota Cheese failed to meet its burden of production. Although Dakota Cheese has asserted repeatedly that it does not have the original 1985 invoices, it did not offer any evidence to explain their disappearance. A defendant in a contempt proceeding cannot establish a present inability to comply "simply by alleging nonpossession." *Rue,* 819 F.2d at 1495; *see also United States v. Hayes,* 722 F.2d 723, 724–26 (11th Cir.1984).

The district court's contempt judgment is affirmed.