**RICHARD JAMES AND JANIS JAMES, Plaintiffs**

**v.**

**ANTILLES INSURANCE, INC., Defendant**

Civil No. 432/90

Territorial Court of the Virgin Islands

Div. of St. Croix

February 6, 1992

VINCENT A. COLIANNI, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

STACY L. WHITE, ESQ. (BRYANT, WHITE & ASSOCIATES, PC), Christiansted, St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

For the reasons stated below, the court denies the defendant's motion to waive the supersedeas bond but grants its request to post alternative security to stay execution of the judgment pending appeal.

## STATEMENT OF FACTS

On June 5, 1991, a jury awarded the plaintiffs Richard James and Janis James a total of $146,486 in an action against the defendant Antilles Insurance, Inc. Judgment was entered on June 27, 1991. On October 9, 1991, the defendant's motion for judgment notwithstanding the verdict was partially granted and the judgment was reduced by $40,000 to $106,486. The defendant then filed a notice of appeal to the Appellate Division of the District Court, along with a motion to waive supersedeas bond or for leave to post alternate security. The plaintiffs cross-appealed the final judgment to the extent that it granted in part the defendant's motion for judgment notwithstanding the verdict.

In support of its motion to waive the bond, Antilles now seeks a stay of execution pending appeal. Antilles argues that the judgment is safe because it is insured under an insurance broker's errors and omissions policy. The policy pays $2,000,000 per claim and $6,000,000 in the aggregate. It is undisputed that Antilles is a named insured under an insurance policy issued by Utica Mutual Insurance Company, an A-rated insurance company. The policy covers the judgment less a $10,000 deductible. The defendant contends that it is financially unable to satisfy this $10,000 portion of the judgment without jeopardizing the claims of other creditors.

As an alternate form of security, the defendant proposes to "post the policy" with the court. Posting the policy entails filing with the

clerk of the court a sworn statement by an officer of the insurer describing the policy and affirming that the insurer will pay the final judgment of the court to the extent of the limit of the insurance policy. This practice has been codified in various jurisdictions. See e.g., New York Civil Practice Law and Rules § 5519(b). Finally, the defendant requests that it be permitted to post a partial bond. In opposition, the Jameses argue that the defendant has failed to adequately support statements of insolvency and impending jeopardy to other creditors. The plaintiffs also argue that the insurance policy is inadequate security because it is subject to additional claims in excess of the policy's limits.

## DISCUSSION

Federal Rule of Civil Procedure 62(d) provides:

Stay upon appeal

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision(a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal as the case may be. The stay is effective when the supersedeas bond is approved by the court.

■■ The purpose of a supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Federal Prescription Service, Inc. v. American Pharmaceutical Association, 636 F.2d 755 (D.C. Cir. 1980). It is normally required "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment if affirmed on appeal and where posting adequate security is practicable." Wunschell & Small, Inc. v. United States, 554 F.Supp. 444–445 (U.S.Cl.Ct. 1983). While the amount and conditions of the supersedeas bond are not specified in current Rule 62(d), former Rule 73(d) directed that such a bond should include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing for good cause shown fixes a different amount or orders security other than the bond". Fed. R. Civ. P. 73(d), reprinted in 39 F.R.D. 69, 128–29 (1966). Even though Rule 73(d) was abrogated when the Federal Rules of Appellate Procedure were established, its standard has retained vitality. See, Federal Prescription Serv., Inc. v. American Pharmaceutical Ass'n, supra; Poplar Grove, Etc. v. Bach Halsey Stuart, supra; 9 Moore's Federal Practice Section 208.05 (2d Ed. 1980).

Fed. R. Civ. P. 62(d) provides that an appellant who posts a supersedeas bond is entitled as a matter of right to a stay of the judgment pending appeal. Wunschell & Small, Inc. v. United States, supra. This rule, however, does not preclude a court from issuing an unsecured stay, requiring a partial bond, or some other form of security. Miami International Realty Co. v. Paynter, 807 F.2d 871 (10th Cir. 1986). Courts have inherent discretionary power in setting supersedeas bonds. Miami International Realty Co. v. Paynter, supra. The Seventh Circuit has held that an appellant must post a bond "if he wants an automatic stay, but not if he is content to throw himself on the district court's discretion". Northern Indiana Pub. Serv. Co. v. Carbon County Coal, 799 F.2d 265 (7th Cir. 1986). In Texaco, Inc. v. Penzoil Company, 784 F.2d 1133 (2d Cir. 1986), the Second Circuit noted that "no bond or a reduced bond would suffice when the [judgment] creditor's interest, due to unusual circumstances, would not be unduly endangered." Various cases have outlined the contours of a court's discretion. An appellant must objectively demonstrate that posting a full supersedeas bond is impossible or impractical and propose a plan that will provide adequate security for appellee. United States v. Kurtz, 528 F.Supp. 1113 (E.D.Pa. 1981). Waiver or modification of the supersedeas bond requirement must not impair the appellee's ability to collect its judgment if the award is affirmed. Wunschell & Small, Inc v. United States, supra.

In In re Oil Spill by the Amoco Cardiz, 744 F.Supp. 848 (N.D.Ill. 1990), several defendants brought motions to stay execution of judgments pending appeal. The court considered five factors in determining whether to waive the supersedeas bond requirement: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

While Amoco earned more than 42 times its total judgment liability, France had a $100,000,000 judgment against which its $35,862.52 judgment could be offset. The court thus found that both Amoco and France were financially stable and waived their super-

sedeas bond requirements. Astilleros, however, was required to post a bond because it failed to show that it had the funds available to satisfy the judgment. Additionally, the court found that Astilleros' personal jurisdiction defense evidenced an unwillingness to satisfy the judgment.

The U.S. Court of Appeals for the District of Columbia in Federal Prescription Service, Inc. v. American Pharmaceutical Association, supra, noted that in unusual circumstances a trial court in its discretion may order a partially secured or unsecured stay if it does not unduly endanger the judgment creditor's interest in ultimate recovery. Noting that the net worth of the judgment debtor was 47 times the amount of the award, that the judgment debtor was a long-time resident of the District of Columbia, and that both parties appealed on questions going to the merits, the Court of Appeals affirmed the decision to allow an unsecured stay of execution.

Courts have allowed judgment debtors to post alternative security where the posting of a full supersedeas bond would result in undue financial hardship. Such arrangements allow courts to "protect judgment creditors as fully as possible without irreparably injuring judgment debtors". Texaco, Inc. v. Penzoil, supra. The defendant in C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc., 368 F.Supp. 501 (E.D.Pa. 1973), moved for a stay of execution of a $1,200,000 judgment in an antitrust suit. The defendant contended that execution of the judgment would result in insolvency. Based on its review of the defendant's financial statements, the court found that the defendant did not have sufficient assets to satisfy the judgment bond and thus could not obtain a bond for the judgment award. The court issued a stay of the execution of the judgment under certain conditions: that defendant place stocks and cash in escrow and post a security bond of $100,000, that the defendant not make any major financial commitments or capital expenditures without court approval, and that the defendant submit monthly profit and loss statements to the plaintiffs until the effective period of the appeal. Miami International Realty Co. v. Paynter, supra, involved an attorney's appeal of a $2.1 million dollar legal malpractice jury verdict. The defendant filed an affidavit stating that it did not have sufficient assets to post a supersedeas bond for $1,600,000 above his malpractice coverage of $500,000. The defendant maintained that the execution of the judgment would

cause him irreparable harm and result in insolvency. The Tenth Circuit held that the district court properly granted a stay of execution of judgment pending appeal. The district court required him to put his malpractice insurance coverage in escrow and enjoined him from transferring or disposing of any of his assets except those necessary for living and engaging in his business.

██ In the present case, Antilles has moved to waive the supersedeas bond requirement, but it has not shown a high degree of solvency relative to the judgment award. On the contrary, it argues that it is in a weak financial condition. Therefore, the supersedeas bond should not be wholly waived. As an alternative to waiving the supersedeas bond requirement, Antilles seeks to provide alternative security or to post partial security. Posting a supersedeas bond would threaten the defendant's financial health. The defendant may instead post its insurance broker's errors and omissions policy with the clerk of the court pending appeal. To ensure that plaintiff's judgment award will be fully protected, the defendant shall also post a secured $10,000 bond.

### ORDER

In accordance with the memorandum opinion of this date, it is hereby     .

ORDERED that the defendant's motion to stay execution of the judgment herein is granted, conditioned upon the defendant posting its insurance broker's errors and omissions policy and a secured $10,000 bond with the Clerk of the Court.