**MANILDRA MILLING CORPORATION, Plaintiff and Counterclaim Defendant,**

v.

**OGILVIE MILLS, INC., Defendant, Counterclaimant and Third Party Plaintiff,**

v.

**HENKEL CORPORATION and Henkel of America, Inc., Third–Party Defendants,**

and

**John Thomas HONAN, Counterclaim Defendant.**

Civ. A. No. 86–2457–DES.

United States District Court, D. Kansas.

April 28, 1995.

Edward L. Bailey, Carol B. Bonebrake, Charles T. Engel, Cosgrove, Webb & Oman, Topeka, KS, Charles D. Horner, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, W. Stanley Walch, Mark Sableman, Thompson & Mitchell, St. Louis, MO, William K. West, Wayne Jones, Cushman, Darby & Cushman, Washington, DC, Tim S. Haverty, Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, Murray J. Belman, Thompson & Mitchell, Washington, DC, for Manildra Milling Corp.

Patrick D. McAnany, McAnany, Van Cleave & Phillips, P.A., Lenexa, KS, Robert D. Benham, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Bruce H. Weitzman, Byron L. Gregory, McDermott, Will & Emery, Chicago, IL, Eugene Sabol, Paul Grandinetti, Fisher, Christen & Sabol, Mark Lee Hogge, Morgan & Finnegan, Washington, DC, for Ogilvie Mills, Inc.

R. Pete Smith, McDowell, Rice & Smith, P.C., Kansas City, MO, John D. Gould, Daniel W. McDonald, Alan G. Carlson, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, MN, Robert L. Baechtold, Kansas City, KS, for Henkel Corp.

W. Stanley Walch, Mark Sableman, Thompson & Mitchell, St. Louis, MO, Tim S. Haverty, Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, Murray J. Belman, Thompson & Mitchell, Washington, DC, for John Thomas Honan.

Robert D. Benham, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, David F. Ryan, Fitzpatrick, Cella, Harper & Scinto, New York City, Michelle M. Suter, Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for Ogilvie Mills, Inc.

R. Pete Smith, McDowell, Rice & Smith, P.C., Kansas City, MO, John D. Gould, Daniel W. McDonald, Alan G. Carlson, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, MN, Robert L. Baechtold, Kansas City, KS, David F. Ryan, Fitzpatrick, Cella, Harper & Scinto, New York City, Michelle M. Suter, Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for Henkel of America, Inc.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

## I. INTRODUCTION

This matter is before the court on OMI Holdings Inc.'s, formerly Ogilvie Mills, Inc. ("OMI"), motions for stay (Doc. 1393) and to approve supersedeas bond (Doc. 1398). The issues have been joined. The court has reviewed the parties' memoranda, as well as the relevant law, and shall rule without oral argument. *See* District of Kansas Rule of Practice and Procedure 206(d).

## II. DISCUSSION

OMI moves pursuant to Federal Rule of Civil Procedure 62 for an order staying pending appeal the execution of, or any proceedings to enforce, the judgment entered March 27, 1995.[1] Manildra Milling Corporation opposes arguing OMI should be required to give a supersedeas bond. In response, OMI presents the court with a photocopy of Bond 5819100 executed April 5, 1995, by Douglas E. Overbeck, attorney-in-fact for Safeco Insurance Company of America.

Federal Rule of Civil Procedure 62 authorizes district courts, under certain circumstances, to stay proceedings to enforce a judgment. Rule 62(d) provides for a stay upon appeal; specifically, it provides as follows:

> [w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

"Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *United States v. Mansion House Center Redevelopment Co.*, 682 F.Supp. 446, 449 (E.D.Mo.1988). District of Kansas Rule of Practice and Procedure 221 requires that a supersedeas bond be in the amount of judgment plus 25 percent.

OMI has secured a supersedeas bond in the amount of $105,744.62, which is 125 percent of the challenged judgment. The court approves OMI's supersedeas bond and finds OMI's motion for stay should be granted.

## III. CONCLUSION

**IT IS BY THE COURT THEREFORE ORDERED** that OMI's motion to approve supersedeas bond (Doc. 1398) is granted.

**IT IS FURTHER ORDERED** that OMI's motion for stay (Doc. 1393) is granted. The stay shall be effective upon OMI's filing of the approved bond.

---

1. In document 1398, OMI clarifies its request; specifically, OMI requests a Rule 62(d) stay of the enforcement of the March 27, 1995, judgment during the pendency of its appeal. OMI filed its notice of appeal April 24, 1995. (Doc. 1396).