SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

**James H. O'HAGAN, Defendant.**

Civ. No. 3–90–16.

United States District Court, D. Minnesota, Third Division.

Sept. 14, 1995.

Robert Michael Small, U.S. Atty. Office, Minneapolis, MN, Ellen B. Cohn, Thomas Vincent Sjoblom, Securities & Exchange Commission, Washington, DC, for plaintiff.

John Dwyer French, Faegre & Benson, Minneapolis, MN, George Merrill Roehrdanz, Roehrdanz Law Office, Minneapolis, MN, for defendant.

## MEMORANDUM OPINION AND ORDER

RENNER, Senior District Judge.

Before the Court is Defendant O'Hagan's motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Defendant seeks a stay of judgment until the pending appeal of Defendant's criminal conviction has been fully determined and until completion of any subsequent appeal he may take from the judgment in this case. Defendant also seeks an amendment to the injunctive portion of the judgment to eliminate nonparties. He has also moved for an order to restrict the scope of this Court's permanent injunction to prevent it from binding non-parties. It thus appears that O'Hagan seeks a stay of only that portion of the Final Judgment requiring him to disgorge him his illegal insider trading profits and pay prejudgment interest.

The SEC argues that the judgment should stand; that the Defendant may later seek to have the civil action altered, amended or vacated if Defendant's criminal conviction is overturned; and that Defendant fails to make the four-factor showing necessary to grant a stay of judgment.

## BACKGROUND

In an August 9, 1995 Memorandum Opinion and Order, this Court granted summary judgment to the SEC, finding that the guilt determination in the criminal trial collaterally estopped Defendant from relitigating the same issues in this civil case. The Court therefore granted the SEC's motion for summary judgment. The first two parts of the Order enjoined Defendant, "his agents, servants, employees, and attorneys, and those persons in active concert or participation ... who receive actual notice of [the] Final Judgment" from (1) violating Section 10b of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, and (2) violating Section 14(e) of the Exchange Act and Rule 14e–3 promulgated thereunder. Parts three through eight of the Order require Defendant to pay within seven days of the entry of Final Judgment the sum of $7,654,840.52. This sum represents both disgorgement of his profits and prejudgment interest and will be used to establish a fund against which claims will later be made.

Defendant timely filed a Rule 59(e) motion to alter or amend the judgment. He argues that the civil judgment should be stayed pending his appeal of the related criminal conviction.

Defendant also argues he should not be "put in jeopardy" of being held in contempt of court before the appellate court has ruled on the merits of the criminal case. Def.'s Mem. at 3. Finally, without citing any authority, Defendant argues that the injunctive portions of the order that apply to nonparties are "overbroad."

## DISCUSSION

■ First, with respect to Defendant's claim that the injunctive portion of the Order is overbroad, Defendant's motion should be denied. Rule 65(d) of the Federal Rules of Civil Procedure expressly provides that an injunction is binding upon, not only the parties to the action, but also on the party's "agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order." Since the Court's earlier Order tracks the language of the Rule, no alteration is warranted and the Order is not overbroad. *See Portland Feminist Women's Health Center v. Advocates for Life, Inc.*, 859 F.2d 681, 687 (9th Cir.1988) (injunction which tracks the language of Rule 65(d) is not overbroad).

■ Additionally, since O'Hagan is a named party in the injunction, he does not have standing to challenge the Order insofar as it applies to persons who are not parties. *Madsen v. Women's Health Center, Inc.*, —— U.S. ——, ——, 114 S.Ct. 2516, 2530, 129 L.Ed.2d 593 (1994) (petitioners lacked standing to challenge as overbroad an injunction

on behalf of unnamed persons who may later be found to be acting "in concert"). *See also Regal Knitwear C. v. N.L.R.B.*, 324 U.S. 9, 14, 65 S.Ct. 478, 481, 89 L.Ed. 661 (1945). In any event, at oral argument in this matter the Plaintiff represented to the Defendant's satisfaction that the injunctive effect of the Order should apply only to parties in privity with the Defendant.

Next, the Defendant argues he has a right to a stay of execution pending ultimate resolution of the appeal from his criminal conviction. The Commission argues that O'Hagan advanced these very arguments in his opposition to the Commission's motion and at the April 13 hearing on the parties' cross-motions. The Commission bases this argument on the language in this Court's Memorandum Opinion and Order, which states:

> In his criminal case, O'Hagan vigorously contested the charges against him at trial. The identical factual conduct and violations of law raised in this civil action were "distinctly put in issue and directly determined" against O'Hagan in the criminal trial. *See Emich Motors [Corp. v. General Motors Corp.]*, 340 U.S. [558] at 568 [71 S.Ct. 408, 414, 95 L.Ed. 534 (1951)]. The pendency of his appeal, despite the stay of judgment in the interim, does not suspend the preclusive effect of that judgment in these proceedings. As recognized by the court in International Teamsters, should O'Hagan's criminal conviction be reversed, he may seek immediate relief from any adverse judgment entered in this action. *See [United States v.] International [Brotherhood of] Teamsters*, 905 F.2d [610] at 612 [ (2nd Cir.1990) ].

Opinion and Order at 10–11. The Court disagrees with the Commission. The issue the Defendant now brings before the Court is not whether the Defendant's criminal conviction collaterally estops him from readdressing issues relevant to summary judgment, but whether this Court should alter its judgment to stay enforcement of its August 9, 1995 Order pending the Defendant's appeal of his related criminal conviction.

■ Four factors are involved in determining the propriety of a stay pending appeal. A party seeking a stay pending appeal

must show that: (1) he is likely to succeed on the merits, (2) he will suffer irreparable injury unless the stay is granted, (3) there will be no substantial harm to the other interested parties, and (4) the stay will do no harm to the public interest. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *James River Flood Control Ass'n v. Watt,* 680 F.2d 543, 544 (8th Cir.1982). While the Defendant has not appealed the judgment he now asks the Court to amend, he has appealed his related criminal conviction, and the Court finds applicable these factors to the unique circumstances of this case.[1]

■ The Commission argues the Defendant's success on the merits is unlikely. The Commission asserts that reliance on the Eighth Circuit's decision to release O'Hagan pending appeal pursuant to 18 U.S.C. § 3143(B) as the basis for a stay of this Court's Final Judgment is insufficient; because no opinion was issued by the Eighth Circuit, the Commission argues, it is impossible to determine the factors considered or analysis made in reaching that decision. The Commission does not dispute, however, that the Eighth Circuit based its determination to require the Defendant's release pending his appeal from conviction on § 3143(B).

Relevant to this case, release of a convicted defendant pending appeal under 18 U.S.C. § 3143(B) requires a finding that the defendant's appeal raises a substantial question of law or fact likely to result either in reversal or an order for a new trial. Notwithstanding the Commission's argument to the contrary, the lack of an Eighth Circuit opinion precisely defining the "substantial question" it has found to exist is irrelevant here; relevant only is the finding that there exists a substantial question "likely to result in reversal [or] an order for a new trial...." 18 U.S.C. § 3143(B). Such a finding leads this Court necessarily to conclude that it is similarly

likely the Defendant would succeed on the merits of a later attack upon this Court's summary judgment Order. This Court based its finding of summary judgment substantially on collateral estoppel; the Defendant's criminal conviction collaterally estopped him from contesting the issues the Commission raised in this case that had been determined in the Defendant's criminal case. Obviously, should the Eighth Circuit reverse the Defendant's criminal conviction, his conviction could no longer collaterally estop him from disputing issues thought to have been resolved by the conviction. The likely reversal or new trial in the Defendant's criminal case strongly supports the "likelihood of success on the merits" of a subsequent motion for relief from judgment in this case. *See* Fed.R.Civ.P. 60(b) (authorizing the vacation of a judgment or order where a prior judgment upon which it is based has been reversed or otherwise vacated).

Turning to the other factors, the Court finds there will be no substantial harm to the Commission should the Court grant the stay, and the stay would not adversely affect the public interest. The Commission recognizes the Defendant's inability to pay even a $150,-000 fine in his criminal case, and the Commission provides no evidence contradicting the Defendant's affirmation that he has no assets that could be applied against the Court's judgment. Staying for a short period[2] the payment of the $7.5 million judgment substantially harms neither the Commission nor the public, particularly since the Defendant simply is presently unable to pay.

The only difficult question is whether the Defendant will suffer irreparable injury unless the stay is granted. The Defendant has not addressed this issue directly, and in any event, his alleged inability to pay suggests he would be harmed no more by denying the stay than by granting it. However, given the

---

1. The Commission argues the Defendant should have appealed this Court's August 9, 1995 Order and proceeded under Rule 62 of the Federal Rules of Civil Procedure. However, the Defendant does not now contest the application of collateral estoppel or the other findings of that Order; the Defendant requests only that this Court stay its judgment pursuant to the "likely" Eighth Circuit reversal of the criminal conviction

that collaterally estopped the defendant from pursuing certain defenses. Thus, this Court does not agree the Defendant is using a "back door" approach to avoid Rule 62.

2. The parties agree the Defendant's criminal appeal is scheduled for hearing next month.

Court's finding regarding the other factors, and that it considers these factors only by analogy to Rule 62, the Court's finding here is not fatal to the Defendant's motion.

In summary, this Court's August 9, 1995 Order was based substantially on Defendant being collaterally estopped by his related criminal conviction from raising certain defenses to the Commission's summary judgment motion. The Defendant's appeal of his criminal conviction presents a substantial question of law or fact likely to result in its reversal. Staying payment of the judgment for the short period likely here substantially harms neither the Commission nor the public. For these reasons the Court agrees that the Defendant has provided a basis for this Court to grant his Rule 59 Motion as it relates to his requested stay of the execution of judgment pending disposition of the appeal of his criminal conviction.

The Court now turns to the issue of requiring the Defendant to post a bond. The Commission argues that stays granted pending appeal are often predicated on the posting of a bond to prospectively protect the opposing party against injury. *In re Workers' Compensation Refund*, 851 F.Supp. 1399, 1401–04 (D.Minn.1994). As indicated above, the issues the Defendant now raises do not conflict with this Court's August 9, 1995 Order, therefore an appeal of that Order and concurrent stay under Rule 62 would have been inappropriate. Rule 59(e) is an appropriate basis for the remedy the Defendant now seeks and that Rule allows broad alteration or amendment to a judgment. Nevertheless, regarding an appellant's bond requirement, this matter can hardly be distinguished from a proceeding under Rule 62(d); the Defendant has appealed a judgment and now seeks a stay of judgment. While the judgment appealed and the judgment the Defendant asks the Court to stay are different in this case, there is no reason the bond as required in Rule 62(d) should not similarly protect the Plaintiff here from the risks associated with delay and to protect the Plaintiff from any costs incurred in deferring execution of the judgment until the appeal is decided.

■ Under Rule 62(d), an appellant may obtain a stay of judgment pending appeal as a matter of right by posting a supersedeas bond. *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966); *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992). Generally, the amount of the bond should include the principal amount of the judgment, plus costs, *American Manufacturers Mutual Insurance Co.* 87 S.Ct. at 3, and the amount normally should comprise the full supersedeas bond. *Miami International Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986).

■ A court may grant a stay without a supersedeas bond. *Id.* However, when granting a stay without a supersedeas bond courts generally require the appellant to post partial bond or alternative security. *See Miami International Realty Co.* 807 F.2d at 874 (permitting stay without supersedeas bond where district court required appellant to release the full amount of its malpractice insurance policy of $500,000 into escrow account to partially secure $2,100,000 judgment); *Wunschel & Small, Inc. v. United States*, 1 Cl.Ct. 101, 554 F.Supp. 444, 445 (1983) ("[T]he court's discretion to issue a stay without a supersedeas bond is limited [and] it must be exercised sparingly...."); *United States in Behalf of Small Business Admin. v. Kurtz*, 528 F.Supp. 1113, 1115 (D.Pa.1981) (denying stay absent supersedeas bond where appellant failed to propose an alternative plan to provide adequate security for the appellee, though the appellant asserted he was financially unable to satisfy the judgment or to post a bond); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F.Supp. 501, 520–21 (E.D.Pa.1973) (ordering cash and securities to be placed in escrow, restricting payment of corporate funds, and requiring a $100,000 bond where corporation had no assets to satisfy $1.2 million judgment or to post a full supersedeas bond).

Here, the Defendant, asserting indigency, proposes no supersedeas bond or alternative security. The Commission has not waived its right to such bond, and the Defendant offers nothing toward the suggested escrow account discussed at the hearing on this matter. The Court sympathizes with the Defendant's financial position, yet must follow the law as discussed in the cases cited above. The

Court will not exercise its discretion to grant the stay here, where the Defendant offers nothing to secure the judgment.

■ It is a difficult conundrum here presented; the apparent lack of liquid assets to satisfy the judgment supports the Court's conclusion that the Commission would not be harmed substantially should a stay be granted, while at the same time renders it impossible for the Defendant to provide a bond sufficient to secure the sizeable judgment against him. Somewhere between Scylla and Charybdis, however, remains the Commission's understanding that the Defendant "may, of course, raise inability to pay as a defense to a finding of contempt." Pl.'s Mem. Opp. at 5. The Court agrees. *See In re Grand Jury Subpoena Duces Tecum v. U.S.*, 868 F.2d 1014, 1016 (8th Cir.1989) (holding inability to comply with court order would have provided a defense to contempt charge); *United States v. Rue*, 819 F.2d 1488, 1494 (8th Cir.1986) (same); *S.E.C. v. AMX, International, Inc.*, 7 F.3d 71, 73 (5th Cir.1993) (holding financial inability is a defense to failure to comply with court-ordered disgorgement); *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 59–60 (2d Cir.1984) (noting inability to comply is long-recognized defense to contempt). Thus, in the end, the defense to a future contempt allegation may provide the Defendant the *de facto* stay he is now denied *de jure.*

## CONCLUSION

The unique procedural juxtaposition of this case and the criminal case supports the Defendant's position that a stay of execution of the August 9, 1995 Judgment is justified. However, given the Defendant's inability to post a full supersedeas bond and his failure to propose adequate security in lieu thereof, the Court must deny his motion to amend the judgment to stay execution pending appeal of his criminal conviction.

Accordingly, **IT IS HEREBY ORDERED** that Defendant O'Hagan's Motion for a stay of judgment pending appeal is **DENIED.**