**UNITED STATES of America On Behalf of Its Agency, the Small Business Administration**

v.

**Morris I. KURTZ.**

**Civ. A. No. 76–313.**

United States District Court, E. D. Pennsylvania.

Dec. 30, 1981.

---

Peter F. Vaira, U. S. Atty., James G. Sheehan, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Wilbur Greenberg, Albert J. Olizi, Jr., Sidkoff, Pincus, Greenberg & Green, P.C., Philadelphia, Pa., for defendant.

## MEMORANDUM

EDWARD R. BECKER, District Judge.

Defendant Morris I. Kurtz has made application for a stay of proceedings to enforce our judgment against him pending appeal.[1] His application includes the unverified assertion that he owns no substantial assets and consequently is unable to post a supersedeas bond, but it does not include financial records or an affidavit showing what security defendant could provide to the judgment creditor, the government. These omissions require us to deny the application for a stay.

The applicable rule is Fed.R.Civ.P. 62(d), which provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay .... The stay is effective when the supersedeas bond is approved by the court."[2] The Rule plainly dictates that in the ordinary case execution on a judgment for money should not be stayed unless the party that prevailed in the district court is secured from loss. The form and amount of the contemplated supersedeas bond is not specified in current Rule 62(d), but former Rule 73(d) provided that such a bond should normally be fixed to satisfy the judgment in full, plus interest, costs, and damages for delay, Fed.R.Civ.P. 73(d), *reprinted in* 39 F.R.D. 69, 128–29 (1966). Though Rule 73(d) was abrogated when the Federal Rules of Appellate Procedure were established, *see* 43 F.R.D. 61, 163 (1968); *cf.* Fed.R.App.P. 8,

---

1. *See United States v. Kurtz*, 525 F.Supp. 734 (E.D.Pa.1981), *appeal docketed*, No. 81–2974 (3d Cir. Nov. 13, 1981) (granting summary judgment for the United States in the amount of $618,695.14).

2. Defendant relies on Fed.R.App.P. 8 to support his application for a stay. Though the Rule is pertinent because it dictates that relief pending appeal must ordinarily be sought first in the district court, it is Fed.R.Civ.P. 62 that gives us authority to grant stays such as the one sought in this case. We find that only sections (d) and (f) of Rule 62 are potentially applicable. Because defendant has not argued that he would be entitled under state law to a stay, the question of his rights under Rule 62(f) is not before us.

its standard is still vital. *See Federal Prescription Serv., Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755, 759 (D.C.Cir. 1980); *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979); *C. Albert Sauter Co. v. Richard S. Sauter Co.,* 368 F.Supp. 501, 520 (E.D.Pa.1973) (*per* Broderick, J.).

In addition to specifying the form and amount of the ordinary supersedeas bond, former Rule 73(d) permitted the court "after notice and hearing and for good cause shown [to] fix[ ] a different amount or order[ ] security other than the bond." 39 F.R.D. at 129. Similarly, Appellate Rule 8(b) expressly provides that a stay pending appeal "may be conditioned upon the filing of a bond or other appropriate security in the district court." We readily conclude that current Rule 62(d) authorizes district courts to provide for security other than a supersedeas bond when circumstances warrant. *See, e.g., Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., supra; C. Albert Sauter Co. v. Richard S. Sauter Co., supra.* We think that, a different conclusion would be illogical in view of the express authority of courts of appeals to approve alternative security arrangements. If Fed.R.Civ.P. 62(d) did not confer the same authority on district courts, the Federal Rules would require appellants to make a necessarily futile application to the district court for the approval of alternative security arrangements before seeking relief in the court of appeals.[3] *See* Fed.R.App.P. 8(a) (stay should be sought in the first instance in the district court).

Nonetheless, only "extraordinary circumstances" will support the provision of security other than a supersedeas bond. *C. Albert Sauter Co. v. Richard S. Sauter Co., supra; see Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., supra; Trans World Airlines, Inc. v. Hughes,* 314 F.Supp. 94, 96 (S.D.N.Y.1970), *approved,* 515 F.2d 173 (2d Cir. 1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341

(1976). In the *Sauter* case, for example, Judge Broderick found that the appellant corporation was without sufficient assets to satisfy a judgment in excess of $1.2 million; that the corporation was unable to obtain a full supersedeas bond; and that execution would probably eliminate the corporation as a going concern. Accordingly, he ordered that certain cash and securities be placed in escrow, that payments of debts from corporate funds be restricted, and that a $100,000 bond be posted. 368 F.Supp. at 520–21. The *Trans World Airlines* court, upon proof that obtaining a bond to stay a judgment of $145.4 million was impractical, approved an alternative arrangement in which a $75 million bond would be posted and the appellant would maintain a net worth of three times the remaining amount.

In no case, however, has a court approved security different from a full supersedeas bond without a specific showing of good cause by the party seeking the stay. It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical; likewise, it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., supra,* 600 F.2d at 1190. Defendant in this case has not satisfied these requirements. He offers only his unsupported allegation that he is financially unable to satisfy the judgment or to post a bond, and he has not proposed any alternative arrangement. In effect, defendant asks us to exercise our discretion with respect to Rule 62(d)'s bond requirement to waive that requirement entirely.

We have found only one case in which an appellate court approved a district court's decision not to require any security to stay execution of a judgment. In *Federal Prescription Serv. Inc. v. American Pharmaceutical Ass'n, supra,* the District of Columbia Circuit first addressed the question whether the district court had discretion to waive

**3.** *See also Federal Prescription Serv., Inc. v. American Pharmaceutical Ass'n, supra,* 636 F.2d at 758–60, which analyzes in detail the interrelationship of the various civil and appellate rules governing stays on appeal, and which reaches the same conclusion that we do here.

the bond requirement, and decided that such authority was logically included in its authority to approve security other than a supersedeas bond. 636 F.2d at 756–60. The court then ruled that waiving the requirement was not an abuse of discretion under the circumstances of that case, because the parties had cross-appealed, the net worth of the judgment debtor was shown to be about forty-seven times the amount of the judgment, and no danger existed that the judgment debtor would flee the jurisdiction. The court noted, however, that ordering an unsecured stay would be improper if it "unduly endanger[ed] the judgment creditor's interest in ultimate recovery." *Id.* at 760–61.

The Third Circuit has not ruled on the propriety of unsecured stays, but we will assume for this decision that if required to do so it would agree with the District of Columbia Circuit. Even so, it is plain that in the case before us we cannot properly waive the bond requirement. The circumstances here are far different from those in *Federal Prescription Service*, for it appears from defendant's submission that the government's interest would not be adequately protected by an unsecured stay. Moreover, we could not order an unsecured stay absent the detailed showing that we would require to approve any security arrangement other than a full supersedeas bond.

Thus, we will deny defendant's application because he has not offered to post a full bond, demonstrated what collateral or sum of money he could post as security, proposed an alternative arrangement, or identified what extraordinary circumstances would justify our allowance of less than a full bond.