**Palmer K. SCHREIBER**

v.

**Christopher G. KELLOGG.**

Civ. A. No. 90–5806.

United States District Court,
E.D. Pennsylvania.

Dec. 30, 1993.

Stuart J. Guber, Berger & Montague, P.C., Philadelphia, PA, for plaintiff.

Gavin P. Lentz, Bochetto & Lentz, Philadelphia, for defendant.

### MEMORANDUM

BARTLE, District Judge.

Plaintiff Palmer K. Schreiber, an attorney, instituted this diversity action to collect fees and costs from his former client, Christopher Kellogg. On August 3, 1993, this Court, after a non-jury trial, entered judgment in favor of plaintiff and against defendant in the amount of $512,863.76. The court denied defendant's post-trial motions on November 19, 1993. Before the court is defendant's motion for a stay of the judgment pending appeal in accordance with Rule 62(d) of the Federal Rules of Civil Procedure. Also before the court is plaintiff's motion to register judgment pursuant to 28 U.S.C. § 1963.

Rule 62(d) provides in relevant part:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Defendant asks the court to waive the requirement of a supersedeas bond based on the alleged sufficiency of his assets to satisfy the judgment, the financial hardship entailed

in obtaining a bond, and his promise not to alienate or encumber his assets.[1]

The purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal. It protects the winning party from the possibility of loss resulting from the delay in execution. *See e.g., Federal Prescription Service v. American Pharmaceutical Asso.*, 636 F.2d 755 (D.C.Cir.1980). "[A] plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir.1986). The bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs. *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979); *U.S. v. Kurtz*, 528 F.Supp. 1113, 1114 (E.D.Pa.1981).

The Court of Appeals for this Circuit has not addressed the question of whether the district court has discretion to excuse a judgment debtor from posting a bond pending appeal. It is the predominant and more persuasive view that Rule 62(d) permits the district court to waive or reduce the bond requirement. *See e.g., Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir.1988); *Poplar Grove*, 600 F.2d at 1191 (5th Cir.1979); *U.S. v. Kurtz*, 528 F.Supp. 1113 (E.D.Pa. 1981); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F.Supp. 501, 520 (E.D.Pa. 1973). However, the court should exercise the discretion to require less than a full supersedeas bond only in "extraordinary circumstances." *Kurtz* at 1115, *C. Albert Sauter Co.* at 520, *Poplar Grove* at 1191. The judgment debtor bears the burden of demonstrating objectively the need for departure from the usual requirement of full security by showing that posting a full bond is impossible or impracticable. *Kurtz*, 528 F.Supp. at 1115; *Poplar Grove*, 600 F.2d at 1191; *Federal Prescription Service*, 636 F.2d at 760. In *Sauter*, for example, Judge Broderick found that the defendants had insufficient assets to satisfy the judgment of $1,200,000 plus counsel fees and costs, were unable to obtain a full supersedeas bond, and that execution would probably render the defendant company and the individual defendants insolvent. Consequently, he ordered as alternative security that certain cash and securities be placed in escrow. He also restricted the payment of debts from corporate funds and required defendants to post a $100,000 bond.

At least one court has waived the bond requirement without a showing of hardship to the judgment debtor or others where the debtor's financial soundness was sufficient to guarantee payment of the judgment. In *Federal Prescription Service*, 636 F.2d at 760, the Court of Appeals for the District of Columbia affirmed the district court's order granting a stay without a bond where both parties had appealed on the merits, the documented net worth of the judgment debtor was approximately 47 times greater than the amount of the damages award and the judgment debtor was a long time resident of the rendering district.

Defendant asserts in his motion that the sufficiency of his assets renders a supersedeas bond unnecessary. However he further states that those assets are "non-liquid" and that "[r]equiring defendant to post a bond in the full amount of this judgment is tantamount to ordering him to pay the judgment itself (given the local bonding company requirements) and that will work an enormous penalty upon defendant." While defendant has taken an affidavit that the factual statements in the motion are true, he provides little if any factual detail to support his conclusory statements.

The only financial statement of the defendant which this court has before it is dated March 31, 1993, and was provided by the plaintiff. According to that document, now almost nine months old, defendant, a resident of Florida, has a net worth of $1,146,121. He has cash totalling $20,723. Defendant also has a gun collection worth $200,000, a furniture and art collection worth $200,000 and miscellaneous other personal property worth

---

1. Defendant submitted an affidavit in which he promised not to "conceal, transfer, encumber, or otherwise alienate any of [his] assets pending exhaustion of this appeal, other than to pay [his] ordinary living expenses and the costs of this action."

$31,000. He owns a home in Palm Beach, Florida with a value of $1,250,000. The financial statement discloses a mortgage payable on this property to Southeast Bank, N.A. in the amount of $350,000, and a mortgage payable to First Union Bank in the amount of $493,292. Defendant apparently paid off the First Union Bank mortgage sometime after the financial statement was prepared. Defendant has a partnership interest in an entity called Mill Pond Investment Co. worth $300,000. He has provided no information about the liquidity or availability of this investment to satisfy any judgment.

Defendant is a current ½ income beneficiary of a trust under the will of Rodman Wanamaker and a contingent remainderman as to a fraction of the trust corpus which exceeds $120 million. The principal amount of the trust, however, will not be distributed until twenty-one years after the death of Rodman Wanamaker's last surviving grandchild, who is still living. According to the financial statement, defendant's interest in the Rodman Wanamaker Trust is not includable as an asset "under applicable accounting principles." Both parties agree that a spendthrift provision protects Mr. Kellogg's income from this trust, which amounts to $31,500 per month.

Defendant is also the sole non-contingent beneficiary as to income and principal of a trust created by his mother, Fernanda Munn Kellogg, valued at approximately $532,858. Defendant has provided the court with no information regarding his income from this trust or his ability to withdraw money from the trust corpus. The court notes, however, that the trust agreement contains a spendthrift provision providing that the interest of any beneficiary "is not subject to any form of

pledge, assignment, sale, attachment, garnishment, execution, or other form of transfer."

Although the total value of defendant's assets appears to exceed the amount of the judgment, plaintiff may not be able to reach a substantial portion of those assets. As stated above, spendthrift provisions protect defendant's income from both the Rodman Wanamaker Trust and the Fernanda Munn Kellogg Trust. These provisions probably prevent plaintiff from satisfying the judgment with trust assets. In addition, plaintiff contends and defendant does not dispute that Florida's Homestead exemption may prevent plaintiff from reaching defendant's real property.[2] Defendant in fact increased his net value in this exempt property when he paid off one of its mortgages in the amount of $493,292, on the eve of trial in July, 1993. Defendant has not made known to the court the source of funds used to pay the mortgage or his purpose in doing so.

Furthermore, most of the assets which plaintiff could reach to satisfy the judgment are defendant's tangible personal property and possibly his partnership interest in Mill Pond Investment Co. The only evidence before the court of the value of this property, some $731,000, is a financial statement almost nine months old. The value of a gun collection, furniture, and art, as well as of an unexplained partnership interest, can fluctuate widely. Moreover, there may be little or no market for the partnership interest. It would be mere speculation to conclude that defendant currently has sufficient available assets against which plaintiff could execute to satisfy the outstanding $512,863.76 judgment, plus interest and costs. Given the vagaries in the market for the tangible personal property and partnership interest involved here

---

**2.** Article X, § 4 of the Florida Constitution provides in relevant part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, ... the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the own-

er's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family ...

(c) ... The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse....

as well as the restrictions on his other assets, it would be even more speculative to assume that defendant will have sufficient assets when all appeals are exhausted.

At the same time, the court is not convinced that defendant is incapable of obtaining a supersedeas bond. As explained above, the onus is on defendant to establish good cause for a waiver or reduction of the bond requirement. Here, defendant has merely stated without elucidation that obtaining a bond would be a hardship for him given the local bonding requirements. Such a bald statement is insufficient to constitute "extraordinary circumstances." Defendant has not explained why he could not use the value in his home to secure a supersedeas bond. He has not, for example, indicated why he could not finance the bond with a second mortgage on that property. This seems an especially plausible option as it appears that defendant has recently satisfied one of two mortgages on that property in the amount of $493,292, which is slightly less than the judgment in this case. The Florida homestead exemption permits an owner to "alienate the homestead by mortgage, sale or gift ..." Fla. Const. art. X, § 4(c). Thus, although plaintiff may not be able to reach the equity in defendant's home, defendant could mortgage it to fund a supersedeas bond and thereby avoid execution during the pendency of his appeal. Although a mortgage would entail the payment of interest, this court sees no reason why defendant's income of over $30,000 per month would not be sufficient to cover any such payments.

■ Defendant contends that his motion for stay should be analyzed according to the four part test set forth in *J.L. v. Parham*, 412 F.Supp. 141 (M.D.Ga.1976). He asserts that his motion should be granted if he can show (1) a strong likelihood of success on the merits; (2) that he will be irreparably harmed if a stay is not granted; (3) that the plaintiff will not be irreparably harmed by a stay; and (4) that the public interest will be served by a stay. That test, however, is not applicable to a motion for stay under Rule 62(d). *Parham* involved a motion to stay an injunction under Rule 62(c) rather than a money judgment under Rule 62(d). In

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 1992 WL 114953 (E.D.Pa. 1992), in a decision by Judge Pollack, the court rejected the use of this test in a Rule 62(d) context, stating that "[t]he four-factor test does not take into account the Rule 62(d) requirement of a supersedeas bond ..." Furthermore, the use of the test conflicts with the dictate that the court should dispense with the bond requirement only in "extraordinary circumstances." *Id.*

Even under the four-part test, however, defendant has failed to make an adequate showing. Defendant states that he may be irreparably harmed by the denial of the stay, because if he is successful on appeal, "it will be virtually impossible to recoup such monies from the plaintiff." Any such danger would of course be eliminated by the procurement of a supersedeas bond. As stated above, defendant has not provided sufficient evidence to persuade the court that posting a bond would work a significant hardship on him.

Furthermore, based on the nature of defendant's assets as described above, defendant cannot establish that there is no danger of irreparable harm to plaintiff if a stay is granted without proper security. With regard to the public interest, we agree with both parties that this private litigation does not impact the public interest. Finally, although the defendant's success on the merits is now in the hands of the Court of Appeals, this court adheres to its findings of fact and conclusions of law as well as its opinion of November 19, 1993.

For all the foregoing reasons, this court will deny defendant's request to waive the requirement of posting a supersedeas bond. Rule 62(d) is designed to protect judgment creditors. The granting of an unsecured stay under this rule must be the exceptional case. Defendant has not established compelling reasons why he should be relieved of the salutary provisions of this rule. He has not proven any significant hardship. In addition, to the extent that the court may waive the bond requirement where the judgment debtor has more than sufficient assets to pay any judgment, defendant has not met his burden in this regard. Consequently, defendant's

motion for stay of judgment will be denied unless within fifteen days of the date of the order attached hereto, defendant obtains a supersedeas bond in the amount of $540,000.[3]

■ Plaintiff has moved the court for an order pursuant to 28 U.S.C. § 1963 permitting plaintiff to register this court's judgment of August 3, 1993, in any United States District where defendant has property. That statute provides in pertinent part:

> A judgment in an action for recovery of money or property entered in any district court . . . may be registered by filing a certified copy of such judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Because an appeal is currently pending, plaintiff must show good cause in order to have his judgment registered at this time. The good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment. *Associated Business Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66 (D.N.J.1989). Defendant does not contest plaintiff's assertion that defendant has insufficient assets in Pennsylvania with which to satisfy the judgment and that he has substantial assets in the state of Florida. Consequently, plaintiff's motion shall be granted.

### ORDER

AND NOW, this 30th day of December, 1993, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that defendant's motion for a stay of execution of the judgment pursuant to Rule 62(d) of the Federal Rules of Civil Procedure is DENIED unless within fifteen (15) days of the date of this Order defendant obtains a supersedeas bond in the amount of $540,000.

---

**3.** The amount of the bond has been set to cover post judgment interest and costs. Plaintiff has represented to the court that he is willing to waive the filing of a bond if defendant pledges,

It is further ORDERED that the motion of plaintiff to register judgment pursuant to 28 U.S.C. § 1963, is hereby GRANTED.

with a receiver in this district, assets of sufficient value to satisfy the judgment. This court will certainly be receptive to any alternate security arrangement agreed to by the parties.