NORTH RIVER INSURANCE
COMPANY

v.

GREATER NEW YORK MUTUAL
INSURANCE COMPANY.

No. 94–5554.

United States District Court,
E.D. Pennsylvania,
Civil Division.

Aug. 1, 1995.

Timothy Costello, Francis J. Deasey, Deasey, Mahoney, Bender & McKenna, Ltd., Philadelphia, PA, for plaintiff.

Daniel M. Newman, James W. Christie, Mary Ellen Nepps, Maria E. Matteo, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for defendant.

## MEMORANDUM

BARTLE, District Judge.

On May 9, 1995, this court, after trial, entered a $4,432,324 judgment in favor of plaintiff, North River Insurance Company ("North River") and against defendant, Greater New York Mutual Insurance Company ("GNY"). The court later awarded attorneys' fees to North River in the amount of $211,921.68. GNY has appealed from both orders. It has now filed a supersedeas bond in the amount of $4,644,264, which is less than $20 in excess of the total award in favor of North River. Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, GNY has also filed a motion to stay execution of the judgment pending disposition of the appeals. North River has challenged the sufficiency of the bond.

The question before us is whether a party may obtain a stay of execution on an adverse judgment pending appeal upon the filing of a bond in an amount equal to the award or whether, in order to obtain a stay, that party must also include a reasonable amount for post-judgment interest and, if recoverable, for appellate counsel fees and costs.

Under Rule 62(a) of the Federal Rules of Civil Procedure, a party may execute on a money judgment "until the expiration of 10 days after its entry." The appellant, however, may obtain a stay by "giving a supersedeas bond. The stay is effective when the supersedeas bond is approved by the court." Fed.R.Civ.P. 62(d). The rule, however, says nothing about the size of the bond.

■ In deciding whether the bond here is sufficient, we must look to its purpose. Simply put, a supersedeas bond acts as a guarantee that the appellee will be able to obtain satisfaction of the judgment if the appellant is unsuccessful on appeal. The appellee should not have to undertake the risk that the appellant's financial situation will deteriorate while appellant's appeal is pending. The appellee won in the district court. In fairness it should be able to obtain immediate protection for the full amount that may ultimately be due if the appellant opts to withhold immediate payment while exercising its appellate rights. By the same token, the bond also allows the appellant to avoid the risks of trying to recover its money if it pays the judgment and then is successful on appeal.

■ With these principles in mind, we have no hesitancy in finding that GNY's bond is insufficient, for it does not fully protect North River, the judgment creditor, for the additional amounts in interest, costs and counsel fees to which it will be entitled if GNY's appeal is unsuccessful. Prior to 1968, the amount of a supersedeas bond was governed by Rule 73(d), which required the posting of a bond sufficient to cover the amount of the judgment in full, as well as post-judgment interest and costs.[1] Although the rule was abrogated in 1968 when the Federal Rules of Appellate Procedure were promulgated, there is no current civil or appellate rule that specifies the required amount of a supersedeas bond. Nevertheless, most courts quite properly continue to apply the standard of former Rule 73(d). *See Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979); 9 James W. Moore et al., Moore's Federal Practice ¶ 208.06 (2d ed. 1995); *Schreiber v. Kellogg,* 839 F.Supp. 1157, 1159 (E.D.Pa.1993); *Hopfinger v. Kidder International,* 827 F.Supp. 1444, 1452–53 (W.D.Mo. 1993); *United States v. Kurtz,* 528 F.Supp. 1113, 1114–15 (E.D.Pa.1981). Thus, in the normal course, a stay should be granted if a supersedeas bond includes the amount of the judgment as well as post-judgment interest, and, if recoverable, counsel fees and costs. *United States v. Mansion House Center Redevelopment Co.,* 682 F.Supp. 446 (E.D.Mo. 1988). While the court has the authority to allow a lesser bond, it should do so only in

---

1. Former Rule 73(d) of the Federal Rules of Civil Procedure stated in pertinent part:

    When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.

extraordinary circumstances. *See Schreiber* at 1159. GNY has not met its heavy burden.

If North River is successful on appeal, it will be entitled to post-judgment interest and reasonable attorneys' fees expended in preparation of the appeal. Accordingly, it seeks to require as a condition of a stay of execution that GNY include in its bond a year's worth of post-judgment interest in the amount of $265,941 and appellate counsel fees of $50,000. This request is consistent with the purpose of Rule 62 of the Federal Rules of Civil Procedure. We find that a bond in the total amount of $4,950,000 would afford North River sufficient protection. Accordingly, this court will grant GNY's motion to stay execution of the judgment, provided that it files a supersedeas bond in that amount within ten days.