HCB CONTRACTORS, et al.

v.

ROUSE & ASSOCIATES, et al.

FOREST ELECTRIC CORPORATION
d/b/a Forest Electric Corporation
of Pennsylvania

v.

HCB CONTRACTORS, et al.

Civ. A. Nos. 91–5350, 91–1732.

United States District Court,
E.D. Pennsylvania.

Sept. 20, 1995.

Joseph C. Crawford, Laurance E. Baccini, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Frederick Cohen, Ira M. Schulman, Ross & Cohen, New York City, Susan G. Caughlan, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for plaintiff Forest Electric Corp. d/b/a Forest Electric Corp. of Pennsylvania.

Joseph A. Torregrossa, Michael R. Libor, Morgan, Lewis & Bockius, Philadelphia, PA, Rona J. Rosen, Mark S. Kenney, William A. Harvey, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, Charles T. Lester, Jr., Sutherland, Asbill & Brennan, Atlanta, GA, Carolyn Thurston, Thomas J. Wingfield, III, Varner, Stephens, Wingfield & Humphries, Atlanta, GA, James J. Briody, Sutherland, Asbill & Brennan, Washington, DC, R. Daniel Douglass, Varner, Stephens, Wingfield & Humphries, Atlanta, GA, Henry D. Danforth, Watt, Tieder, Killigan & Hoffer, McLean, VA, S. Wade Malone, Varner, Stephens, Wingfield & Humphries, Atlanta, GA, Joseph W. Rasnic, Paul W. Killian, Sutherland, Asbill & Brennan, Washington, DC, Robert A. Korn, David A. Peckman, Korn & Cohn, Plymouth Meeting, PA, George Anthony Smith, Lisa C. Foster, Sutherland, Asbill & Brennan, Atlanta, GA, for defendant HCB Contractors.

Joseph A. Torregrossa, Michael R. Libor, Philadelphia, PA, Charles T. Lester, Jr.,

Sutherland, Asbill & Brennan, Atlanta, GA, Thomas J. Wingfield, III, Varner, Stephens, Wingfield & Humphries, Atlanta, GA, James J. Briody, Sutherland, Asbill & Brennan, Washington, DC, S. Wade Malone, Varner, Stephens, Wingfield & Humphries, Atlanta, GA, Joseph W. Rasnic, Paul W. Killian, Sutherland, Asbill & Brennan, Washington, DC, George Anthony Smith, Lisa C. Foster, Sutherland, Asbill & Brennan, Atlanta, GA, for defendant Aetna Casualty and Surety Company.

Lawrence A. Borda, Danell J. Palladine, Elizabeth Mc Kenna, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, PA, for Cross–Claimant Ziedler Roberts Partnership, Inc.

Joseph A. Dougherty, Patrick J. Loftus, Duane, Morris & Heckscher, Philadelphia, PA, for Cross–Defendants Falcon Steel Company, Inc., Reliance Insurance Company.

Joseph A. Torregrossa, Morgan, Lewis & Bockius, Philadelphia, PA, Laurance E. Baccini, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Charles T. Lester, Jr., Sutherland, Asbill & Brennan, Atlanta, GA, Thomas J. Wingfield, III, Varner, Stephens, Wingfield & Humphries, Atlanta, GA, James J. Briody, Sutherland, Asbill & Brennan, Washington, DC, Ira M. Schulman, Ross & Cohen, New York City, S. Wade Malone, Varner, Stephens, Wingfield & Humphries, Atlanta, GA, Joseph W. Rasnic, Sutherland, Asbill & Brennan, Washington, DC, Paul W. Killian, Sutherland, Asbill & Brennan, Washington, DC, George Anthony Smith, Lisa C. Foster, Sutherland, Ashill & Brennan, Atlanta, GA, for counter-defendants Seaboard Surety Co. and The Beck Co.

William G. Frey, Jerome J. Shestack, Jennifer L. Haltzman, Debra Wolf Goldstein, Steven A. Arbittier, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for third-party defendants Rouse & Associates, Inc., Willard G. Rouse, III, 1650 Market Associates, Rouse 1650 Associates One, Rouse 1650 Associates Five, Third Rouse 1650 Associates One A, Third Rouse 1650 Associates Five A, Liberty Place Hotel Associates, Rouse Hotel Associates One, Rouse Hotel Associates Five, Third Rouse Hotel Associates One A, Third

Rouse Hotel Associates Five A, Liberty Place Retail Associates, L.P., Liberty Place Retail Associates One, Third Liberty Place Retail Associates One A, Liberty Place Parking Phase II, Associates, Rouse Liberty Place Parking Phase II, Associates One, Liberty Place Parking. Associates One, Liberty Place Parking Associates One.

John H. Widman, Andrew W. Barbin, Mc Aleese, Mc Goldrick & Susanin, P.C., King of Prussia, PA, John F. Kent, Marks, Kent & O'Neill, P.C., Philadelphia, PA, for third-party defendants Carson Concrete Corporation, Firemen's Insurance Company of Newark, New Jersey.

Ronald H. Silverman, John H. Kiefel, Silverman, Clark & Van Galen, P.C., King of Prussia, PA, Francis X. Clark, King of Prussia, PA, John H. Kiefel, Downington, PA, for third-party defendants Gittens–Altman, A.M.A., Safeco Insurance Company of America.

Stephen M. Dodd, Joseph A. Battipaglia, Eckert, Seamans, Cherin & Mellott, Philadelphia, PA, for third-party defendant Olden & Company.

Robert A. Prentice, Hoyle, Morris & Kerr, Stephen M. Dodd, Joseph A. Battipaglia, Eckert, Seamans, Cherin & Mellott, Philadelphia, PA, for third-party defendant Federal Insurance Company.

David Smith, Ronald E. Karam, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Steven M. Coren, Kaufman, Coren & Ress, Philadelphia, PA, Harry R. Blackburn, O. Linwood Perry, Jr., Laura A. Cochet, Blackburn and Michelman, P.C., Philadelphia, PA, for third-party defendant Walters Mechanical Div. of Space Engineering Mechanical Corp.

Alisa G. Field, Roy S. Cohen, John A. Greenhall, Cohen & Huntington, P.C., Philadelphia, PA, R. Michael Carr, La Brum and Doak, Bethlehem, PA, Paul A. Alongi, Parsippany, NJ, for third-party defendant First Indem. of America Ins. Co.

Nicholas Noel, III, Teel, Stettz, Shimer & Di Giacomo, Ltd., Easton, PA, Robert B. Wallace, Jonathan Dryer, Steven M. Levine, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, for third-party defendant The Ece Group, Limited.

Nicholas Noel, III, Richard P. Kovacs, Teel, Stettz, Shimer & Di Giacomo, Ltd., Easton, PA, Brett M.L. Blyshak, Labrum and Doak, Philadelphia, PA, Jonathon Dryer, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, Robert B. Wallace, Steven M. Levine, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, for third-party defendant The Ece Group, Ltd.

Timothy B. Barnard, Barnard & Gannon, Media, PA, for third-party defendant Code Consultants, Inc.

Aaron Jay Beyer, Iris E. Davis, Maureen A. Mahoney, Frank G. Murphy, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for third-party defendant Gordon H. Smith Corp.

Jonathan Dryer, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, Robert B. Wallace, Steven M. Levine, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, for third-party defendant Quinn Dressel Associates.

Stanley B. Edelstein, Jacoby, Donner & Jacoby, P.C., Philadelphia, PA, for third-party defendant C.H. Schwertner & Sons, Inc.

James A. Young, Stradley, Ronon, Stevens & Young, Malvern, PA, Timothy R. Coyne, Stradley, Ronon, Stevens & Young, Philadelphia, PA, George H. Seitz, III, Kristol & Schnee, Wilmington, DE, for third-party defendant H.H. Robertson Company.

Frank Nicholson, Inc., Action, MA, pro se.

Timothy B. Barnard, Barnard & Gannon, Media, PA, for third-party defendant Code Consultants, Inc.

Timothy R. Coyne, Stradley, Ronon, Stevens & Young, Philadelphia, PA, James A. Young, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for respondent Robertson–Ceco Corp.

Aaron Jay Beyer, Iris E. Davis, Lauren P. Mc Kenna, Maureen A. Mahoney, Frank G. Murphy, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for third-party defendant Gordon H. Smith Corporation.

Alex J. Flangas, Hale, Lane, Peek, Dennison and Howar, Reno, NV, for garnishee The Candy Barrel, Inc.

Brian T. Guthrie, Philadelphia, PA, for garnishees Insurance Company of North America, LP Associates.

Sharon L. Silver, Commack, NY, for garnishee Sbarro, Inc.

G. David Rosenblum, Astor, Weiss & Newman, Philadelphia, PA, for garnishee Bassett Management Company, Inc.

Martin J. Black, Dechert, Price & Rhoads, Philadelphia, PA, for garnishees Liberty Place Retail, Inc. and Teachers Ins. and Annuity Ass'n of America.

Jos. A. Bank Clothiers, Inc., Hampstead, MD, garnishee, pro se.

David L. Pollack, Pollack, Meyers and Rosenblum, Philadelphia, PA, for garnishee Liberty Place Retail Management, Inc.

Peter A. Mardinly, Nilon, Paul & Mardinly, P.C., Media, PA, for garnishee Just Like Me, Inc. t/a The Ultimate Sock.

William J. Maffucci, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for garnishee Time Warner Entertainment Company, L.P. t/a Warner Bros. Studio Store.

Robert E. Meyer, Jenkintown, PA, for garnishee University of Cards, Inc. t/a University of Cards.

## MEMORANDUM

PADOVA, District Judge.

Rouse & Associates (the "Owners") have moved pursuant to Fed.R.Civ.P. 62 for a stay of execution pending appeal of the judgment order entered in favor of HCB in the amount of $35 million dollars without posting a bond. They also move for an expedited hearing on the remaining counts of the Second Amended Complaint ("unarbitrated claims"). For the following reasons, I will (1) conditionally grant a limited stay without bond as to the Tower and Retail elements only; (2) impose an appropriate plan of alternative security designed to preserve HCB's present position during appeal or until further order; and (3) deny the motion for an expedited hearing on the remaining counts which involve only lien priority and execution issues.

## I. BACKGROUND

The judgments in this case result from this Court's confirmation of an arbitration award resolving the complex and interrelated claims, cross-claims, and pass-throughs among the general contractor, design team, subcontractors, consultants, and owners of the four project elements (Tower, Retail, Hotel, and Garage) comprising the landmark Liberty II development in Philadelphia, Pennsylvania.[1] In the remaining counts (unarbitrated claims), HCB seeks an equitable mortgage, equitable lien, the imposition of constructive trusts, and injunctive relief prioritizing their recovery. The Arbitration Award resolved all other matters in the Second Amended Complaint.

On July 18, 1995, I certified all judgments relating to the arbitration award as final pursuant to Fed.R.Civ.P. 54(b) and placed the unarbitrated claims into civil suspense. But for the Rule 54(b) certification, an appealable judgment would not exist in this case until all claims were adjudicated, including the unarbitrated claims. Several appeals to the United States Court of Appeals for the Third Circuit have been taken from the judgments by various parties to the litigation, including appeals by the Owners and HCB. The Owners seek to overturn HCB's judgment and vacate the award. Third party defendant Walters Mechanical Division of Space Engineering Mechanical Corporation ("Walters") also wants to overturn the judgment and vacate the award. HCB asks to overturn a judgment against HCB and in favor of First Indemnity of America Insurance Company as surety to Walters.

## II. STAY OF EXECUTION WITHOUT BOND

The Owners move pursuant Fed.R.Civ.P. 62(d), (f), and (h). Each subsection of Rule 62 presents unique standards which the moving parties must meet. The differences between these standards is of no controlling significance at this time. What is important

1. Familiarity with the litigation is assumed.

is that the Owners ask the Court to relax the supersedeas bond requirement imposed in Rule 62(d). I have determined the stay and bond issues applying Rule 62(d).[2]

■ The purpose of requiring the posting of a supersedeas bond is "to preserve the status quo during the pendency of an appeal, [protecting the winning party] from the possibility of loss resulting from the delay in execution." *Schreiber v. Kellogg*, 839 F.Supp. 1157, 1159 (E.D.Pa.1993).

■ Posting a bond, however, is not the only method by which a judgment debtor can obtain a stay. "The bond speaks only to stays granted as a matter of right; it does not speak to stays granted by the court in accordance with its discretion." *Federal Prescription Service v. American Pharmaceutical Assoc.*, 636 F.2d 755, 759 (D.C.Cir. 1980). "The propriety of any security posted is a discretionary determination made by the court." *Silver v. Mendel*, No. 86–7104, 1992 WL 163285 at *1 (E.D.Pa. July 8, 1992).

In discussing the parameters of Rule 62(d), Judge Pollak has noted:

> a party may obtain a stay of a judgment by posting a supersedeas bond.... the court possesses the power to waive the requirement of a supersedeas bond. That power, however, has been exercised only in "extraordinary circumstances," and only where alternative means of securing the judgment creditor's interest were available.
>
> \*  \*  \*  \*  \*  \*
>
> In no case has a court approved security different from a full supersedeas bond without a specific showing of good cause by the party seeking the stay. It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable; likewise, it is the appel-

lant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, No. 86–5763, 1992 WL 114953 at *1–2 (E.D.Pa. May 18, 1992) (citation omitted). I will address the Owners' Motion with these standards in mind.

### A. IMPOSSIBILITY AND IMPRACTICABILITY

■ The Owners have the responsibility of demonstrating objectively that posting the full supersedeas bond is impossible or impracticable. In the sworn verifications of Willard Rouse, the Owners state the following: (1) the Owners lack sufficient assets to borrow funds to provide a cash bond or obtain a supersedeas bond; (2) neither a surety agent nor a bonding company will provide the bond if the Owners cannot furnish sufficient collateral; (3) the Owners cannot provide sufficient collateral because they are without liquid assets, and the only assets available to them are their equity interests in the respective Properties; and (4) any execution would precipitate a foreclosure by Teachers Insurance and Annuity Association of America ("Teachers") which would most likely wipe out the Owners and place them into bankruptcy. HCB, by verification, points to some net cash flow from the Owners' operations. However, there is no countervailing submission from HCB that such cash flow would be sufficient to fund or purchase a supersedeas bond.[3]

Having no substantial liquid assets other than their interests held in the respective project elements, I find that the Owners are unable to provide a cash bond or obtain a supersedeas bond. *See Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir.1986) (submitting affidavits stating inability to pay judgment sufficient; execution of

---

**2.** Rule 62(d) provides:

> When an appeal is taken the appellant by giving supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed.R.Civ.P. 62(d). The Owners alternatively assert that they are also entitled to a stay under rules 62(f) ("Stay According to State Law") and 62(h) ("Stay of Judgement as to Multiple Claims or Multiple Parties"). Because I have resolved the Owners' Motion under Rule 62(d), I will not reach those arguments.

**3.** It should be noted that HCB was allowed expedited discovery for the purposes of this Motion.

judgment would cause irreparable harm because it would render debtor insolvent); *Silver,* 1992 WL 163285 at * 2 (providing that affidavits, tax records, and bankruptcy documents are substantial verification); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.,* 368 F.Supp. 501, 520 (E.D.Pa.1973) (finding uncontradicted financial statements illustrate insufficient assets; execution of judgment inappropriate when it would terminate company as a going concern).

HCB argues that the partners and principals of the Owners *individually* should be required to post bond or other security from their individual assets. I disagree. A nonrecourse provision of the contract relieves the partner or principal of individual liability and limits the creditor's access to the project elements. Requiring bonding from the individuals would enlarge the reach of the judgments and constitute an unwarranted expansion of HCB's contract rights.

## B. *EXTRAORDINARY CIRCUMSTANCES AND GOOD CAUSE*

The circumstances surrounding this case can be characterized as "extraordinary." The parties in this litigation have presented multifaceted and significant questions of both law and fact involving large sums of money and will soon argue these issues before the United States Court of Appeals for the Third Circuit. These questions involve the validity of the award and the judgments; they clearly warrant appellate review.

The properties are subject to competing liens and interests which are also being litigated in the state courts. Serious priority of lien questions remain undecided which will dramatically affect the execution process and the rights of parties and non-parties to this litigation. Moreover, the contract (§ 7.13.1 of the Master General Conditions) limits HCB's legal recourse to each contracting owner's interest in each element of the project. Therefore, the properties (real and personal) constitute the only assets out of which HCB may satisfy its judgment.

Allowing HCB to proceed with the execution process at this time beyond the steps necessary to obtain and perfect their liens on the Owners' real and personal property interest in the elements, would likely prompt foreclosures by the lienholders, create confusion in the bidding process, and move the debtor into bankruptcy. Clearly, if the appellate court overturns the judgments against the Owners, the harm that would result from the completed execution process would be irreparable.

Refusal of the stay would not advance the orderly course of justice; rather, it would create more difficulties by enhancing the uncertain positions of all concerned, prejudicing the other creditors, and most likely leading to additional legal proceedings.[4]

Finally, the bond requirement serves to protect the judgment creditor from the possibility that the debtor may flee the court's jurisdiction. The Owners are Pennsylvania entities and do not pose any flight risk. Furthermore, the court exercises jurisdiction over the assets involved in this dispute: real estate and personal property located in Philadelphia. *See Silver,* 1992 WL 163285 at * 2 (waiving bond requirement for citizens of this district who have most of their assets within the court's jurisdiction, and noting debtors families, houses, and roots are in Philadelphia area); *Grand Entertainment Group,* 1992 WL 114953 at * 2 (requiring bond where debtors continually refused to accept court's jurisdiction over them); *United States v. Kurtz,* 528 F.Supp. 1113, 1115 (E.D.Pa.1981) (noting that bond requirement would be waived when danger did not exist that judgment debtor would flee the jurisdiction) (citation omitted). Accordingly, I will grant the Owners' Motion to stay execution of the judgments without requiring them to post a supersedeas bond.

## C. *ALTERNATIVE SECURITY*

HCB's interests must be protected during this appeal, and it is the Owner's duty to propose a plan that will provide adequate (or as adequate as possible under the circum-

4. It is even possible that a sale under such circumstances could be set aside once the lien positions were clarified. *See Stroup v. Raymond,* 183 Pa. 279, 38 A. 626 (1897).

stances) security for HCB. *Kurtz*, 528 F.Supp. at 1116.

The Owner's proposal, as modified by the Court after consideration of HCB's proposed order, provides reasonable alternative security. This Court orders a conditional and limited stay involving only the Retail and Tower elements. This stay will enable HCB to proceed against the Hotel if it sees fit, maintain the lien of its judgment against all other real estate, and perfect, through levy, its lien on all personal property subject to the judgments. This stay imposes additional conditions upon the Owners, including (1) a restraint from transferring any interest in the assets, (2) notification provisions regarding claims or enforcement attempts made by other creditors, and (3) operational reporting and limiting provisions.

Because of the unusual nature of the judgment in this case and its limited recourse to the project elements, I am satisfied that this alternative plan will adequately preserve HCB's present interest in the Defendant's assets which are reachable under this contract. If circumstances should change, any party may apply to the Court for modification.

## III. *EXPEDITED CLAIMS*

Finally, I deny the Owner's motion for an expedited hearing on the unarbitrated claims. The Owners conceded at argument that the imposition of a stay would obviate the need for an expedited hearing on the suspended counts.[5] The relief sought by the suspended counts relates to the execution and priority of the liens involving parties and non-parties. The Court need not address these issues on an expedited basis in view of the appeals. I see no reason now to reverse my previous order which essentially stated that those issues should proceed in the state system.

An appropriate Order follows.

### ORDER

AND NOW, this 19th day of September, 1995 upon consideration of the Contracting Owners' Motion for Stay of Execution and For Expedited Hearing of Unarbitrated

5. ' Transcript, Oral Argument, 9/6/95, at 41.

Claims (the "Motion") and HCB Contractors' response in opposition thereto, and after oral argument on September 6, 1995, it is hereby ORDERED as follows:

1. The Contracting Owners' request for an expedited hearing on unarbitrated claims, to the extent not already withdrawn, is hereby denied and the unarbitrated claims shall remain in suspense in accordance with the Court's prior order of July 18, 1995.

2. The Contracting Owners' request for stay of execution on the judgment entered on August 8, 1995 in favor of HCB and against Liberty Place Hotel Associates (the "Hotel Judgment") is withdrawn and there is no stay of execution in effect as to the Hotel Judgment.

3. The Contracting Owners' request for stay of execution on the judgment entered on August 8, 1995 in favor of HCB and against Liberty Place Parking Associates and Liberty Place Parking Phase II Associates (the "Garage Judgment") is withdrawn, except that HCB may not pursue recovery on the Garage Judgment from any other Element (i.e., Hotel, Tower and Retail).

4. With respect to each of the Judgments entered on August 8, 1995 in favor of HCB and against 1650 Market Associates and Liberty Place Retail Associates, L.P. respectively (the "Tower Judgment" and the "Retail Judgment" respectively):

(a) HCB Contractors shall be permitted to levy on and/or attach any interest of the Contracting Owners in the Tower and Retail Elements, including personal property, if any, subject to the Tower Judgment and the Retail Judgment, including rents payable by tenants, sufficient to obtain a lien thereon, but HCB is stayed from listing the same for execution sale; and

(b) Execution on the Retail Judgment and the Tower Judgment is otherwise stayed.

5. HCB shall be permitted to register the Judgments in other judicial districts pursuant to 28 U.S.C. § 1963 for the purpose of levying on and attaching personal property

pursuant and subject to paragraphs 2, 3, and 4(a).

6. The Stay granted under paragraph 4 hereof is conditioned upon the Contracting Owners complying with the other provisions of this Order.

7. So long as this stay order shall remain in effect as to the subject Element, until further order of this Court:

(a) the Contracting Owners of the Tower, Retail and Parking elements, and each of them, are hereby restrained and enjoined from transferring any interest in any assets, or consenting to the transfer of any assets, to any person or entity, and are further restrained and enjoined from consenting to the appointment of a receiver of any assets including without limitation any of the various Elements comprising Liberty Place Phase II;

(b) the Contracting Owners of the Tower, Retail and Parking elements, immediately upon their receipt, shall serve HCB Contractors with copies of any and all process, pleadings, motions or petitions by which any creditor seeks title to or possession or control of any asset of any Contracting Owner. The Contracting Owners of the Tower, Retail and Parking elements shall serve such copies immediately upon receipt of same and in any event, prior to any hearing or judicial proceeding thereon. The Contracting Owners of the Tower, Retail and Parking elements shall in any such proceeding consent to participation or intervention by HCB.

(c) the Contracting Owners of the Tower, Retail and Parking elements shall notify HCB Contractors immediately of any self-help or non-judicial enforcement of liens, security interests or assignments by any creditor of any such Contracting Owner and in that event the stay of execution shall be automatically terminated;

(d) the Contracting Owners of the Tower, Retail and Parking elements shall not sign any leases, agreements or other documents relating in any respect either directly or indirectly to any of the Elements without prior notice to and approval from HCB. If HCB does not serve written approval on the Contracting Owner's within three business days from receipt by HCB of notice, such approval shall be assumed. Contracting Owner's and HCB shall designate in writing within two days from the date of this Order their agent for the purpose of notice required by this clause;

(e) The Contracting Owners of the Tower, Retail and Parking elements shall notify HCB immediately of any change in status of enforcement of liens, security interest, or assignments by any creditor of any Contracting Owner; and

(f) the Contracting Owners of the Tower, Retail and Parking elements shall not borrow or receive funds from any existing mortgage holders, except to the extent that repayment of such funds are expressly subordinated to repayment of the Contracting Owners' obligations to HCB and the lien of any mortgage or security agreement securing such borrowing or advances is expressly subordinated to any lien relating to the Contracting Owners' obligation to HCB.

8. HCB shall be permitted to proceed with discovery in aid of execution.

9. To the extent not already produced, the Contracting Owners of the Tower, Retail and Parking elements shall immediately produce and deliver to HCB Contractors copies of all documents relating to any transfer of any assets to Teachers or any other entity, either contemplated or heretofore made.

10. Without prejudice to HCB's right to proceed with discovery in aid of execution, the Contracting Owners of the Tower, Retail and Parking elements shall produce to HCB within five (5) business days of the date hereof, (a) a list of all creditors of each such Contracting Owners, (b) the general ledger of each such Contracting Owner, and (c) to the extent not already produced, all documents described in HCB's Application for Order Vacating Interim Stay of Execution and for Order for Expedited Discovery, filed August 28, 1995 and/or in Exhibit "A" to the Proposed Order attached thereto as required by paragraph 8 of this Court's Order of August 30, 1995.

11. Upon transmittal and/or receipt, the Contracting Owners of the Tower, Retail and Parking elements shall provide HCB with copies of all correspondence between such

**516**

Contracting Owners and (a) any mortgagee of any of the Elements or (b) any affiliate of such mortgagee.

12. HCB shall be permitted on a monthly basis to review the financial books and records of each Contracting Owner of the Tower, Retail and Parking elements, and the books and records of any manager of the Elements employed by such Contracting Owner including without limitation general ledgers, cash receipts journals and cash disbursement journals.

13. A copy of this Order shall be served by the Contracting Owners to TIAA and its affiliates, 730 Penn. Hotel Properties I, Inc. and Liberty Place Retail, Inc., the CIGNA affiliates, and any lender or other interested party.

14. The parties reserve the right to apply to the Court for such modifications and further relief as the circumstances warrant.

15. This Order supersedes the Court's previous stay Orders dated August 23, 1995 (Document No. 626) and August 30, 1995 (Document No. 633).

